[No. 3,990.]

## HONORA SHARP v. THOMAS S. MILLER AND P. J. WHITE.

REDEMPTION FROM SHERIFF'S SALE.—A judgment debtor may redeem by paying the purchaser the amount of his purchase, with twelve per cent. thereon, together with the amount of taxes, etc., paid by the judgment creditor. He is not obliged to pay other liens which the purchaser may have on the property.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The action was brought to compel the defendant to deliver up a sheriff's deed to be canceled, and to enjoin a conveyance of the premises. The plaintiff acquired the title to the premises in suit by deed of gift from her husband, J. F. Sharp, in December, 1870. In February, 1868, the defendant, Miller, obtained a decree against Sharp, foreclosing a mortgage upon the premises in controversy and a fifty-vara lot at North Beach. Under the decree, the premises were sold December 22d, 1869, and Miller became the purchaser for $2,200. June 3d, 1870, Sharp, as judgment debtor, paid to the sheriff $2,473 to redeem all the property. At the time of the redemption there was another lien in favor of Miller upon all Sharp's property for $1,536, by virtue of a judgment, docketed May 29th, 1869. In redeeming, Sharp did not pay nor offer to pay this judgment. October 23d, 1871, the sheriff executed and delivered to Miller the deed, to cancel which this action is brought.

Judgment was rendered for the plaintiff and the defendants appealed.

*P. B. Ladd,* for Appellants.

Section 230 of the Practice Act, speaks of two classes of redemptioners—first, the judgment debtor; second, a creditor having a lien by judgment or mortgage.

The first class spoken of (the judgment debtors) do not derive their right to redeem from the statute, for their right to redeem has been long recognized by Courts of Equity (where this class of suits always had to be brought), long prior to the statute, and independent of it, and such was the established law, both in this country and in England, and this gave them the character and title of redemptioners.    Second Volume Story's Equity Juris., Sections 1013–1014, and cases there cited: "But a power of redemption is an equitable right, inherent in the land."—Note to Section 1015.

The second class spoken of in the Practice Act, were never recognized by Courts of Equity as having the right to redeem, for the reason that their rights were acquired after the mortgage, and with a knowledge of it, so they had no equities.    The statute steps in and for the first time confers the right upon them, and in order that there should be no mistake as to their newly acquired character, denominates them redemptioners—so that both parties now stand on a par as redemptioners.    Then comes in Section 231, and, in speaking of the two classes of redemptioners, after saying that they shall pay the amount of the bid, etc., then goes on to say: "And if the purchaser be also a creditor, having a prior lien to that of the redemptioner other than the judgment under which the purchase was made," (he shall pay) "the amount of such lien, with interest."    Now, it is conceded that Miller was a creditor having a lien of $1,536 95 on this very property at the time the pretended redemption took place, and as Courts of Equity have always, and the statute now recognizes the debtor as a redemptioner, Secton 231 says, in so many plain words, that the redemptioner shall pay this lien.    Now, if Miller is such creditor, having a lien, and Sharp is a redemptioner, does it not follow as a necessary

and inevitable deduction therefrom that Sharp could not redeem without paying the $1,536 95, and which he admitted he did not pay.

In the case of *Van Dyke* v. *Herman*, 3 Cal. 295, the facts are the same as in the case at bar. There the Court held that the judgment debtor was a redemptioner, and could not redeem by merely paying the amount of the bid with interest, etc., but that he must pay the whole of the plaintiff's judgment. And the doctrine of this case was affirmed in *Knight* v. *Fair*, 9 Cal. 117, and in *McMillan* v. *Richards*, id. 413.

*Hunt & Rising*, for Respondent.

A distinction between judgment debtors and redemptioners is recognized throughout the Act. Their right, and duties, and the effect of the redemption by each, are entirely different. The judgment debtor has not to show his right to redeem, while the redemptioner "must produce a copy of the docket under which he claims the right to redeem certified * * * or if he redeem upon a mortgage, or other lien, a note of the record certified by the recorder, a copy of any assignment necessary to establish his claim verified * * * and an affidavit showing the actual amount due on his lien." If a redemptioner redeems and no redemption is made from him, he obtains the legal title to the land; but if a judgment debtor redeems, the sale is terminated and he is restored to his estate. In other words, when the term "redemptioner" is used it means a creditor having a lien by judgment or mortgage only, and has no reference to the judgment debtor.

By the COURT:

The redemption by Sharp was made in his capacity of a judgment debtor, and the statute makes a distinction between a redemption by the judgment debtor and by a creditor holding a lien on the property. Under Section 231 of the Practice Act, "the judgment debtor or redemp-

tioner may redeem the property from the purchaser within six months after the sale, on paying the purchaser the amount of his purchase with twelve per cent. thereon in addition, together with any amount of taxes," etc. The same section further provides "that if the purchaser be also a creditor, having a prior lien to that of the redemptioner, other than the judgment under which such purchase was made," he must also pay the amount of such lien. Section 230 defines a redemptioner to be "a creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold." The judgment debtor is not a "redemptioner" in the sense in which that term is employed in Section 231. If the judgment debtor redeems, he is required to pay only the purchase money, with twelve percent. thereon, together with taxes, etc.

But if a "redemptioner," or, in other words, a creditor, holding a subsequent lien on the property redeems, he must also pay to the purchaser any lien he may have prior to that of the redemptioner other than that for which the property was sold. The reason for the distinction made between the judgment debtor and a redemptioner is, that if the latter were permitted to redeem without paying the prior lien held by the purchaser, the title would pass to the redemptioner and the lien of the purchaser would be defeated. But if the judgment debtor redeem he is restored to his estate, and the lien held by the purchaser will be available. We are therefore of opinion that the redemption by Sharp was effectual, and that it was not incumbent on him to pay off the judgment lien in order to effect the redemption.

Judgment affirmed.