LLOYD (FARMERS' BANK OF ALEXANDRIA v.). See Case No. 4,661.

## Case No. 8,432.

### LLOYD v. HOO SUE et al.

[5 Sawy. 74;[1] 17 N. B. R. 170; 1 San Fran. Law J. 392.]

District Court, D. California. Feb. 7, 1878.

ASSIGNEE IN BANKRUPTCY—RIGHT TO REDEEM.

An assignee in bankruptcy is not merely the successor in interest of the bankrupt. He stands in the position of a judgment-creditor. and as such may redeem property of the bankrupt sold on execution, without discharging the claim of the judgment-creditor who has purchased at the sale, for the unsatisfied balance of his judgment.

[This was a suit in bankruptcy by John Lloyd, the assignee of Peter Gardiner, against Hoo Sue and others. The case is heard on a motion, by the complainant, for an injunction to restrain the defendants from proceeding with the sale of certain mortgaged property.]

Fifield & Bishop, for complainant.

E. D. Sawyer and Hepburn Wilkins. for defendants.

HOFFMAN, District Judge. On the —— day of November. 1876, the defendant, Hoo Sue, obtained in the twenty-second judicial district court of this state a decree of foreclosure of a certain mortgage theretofore made to him by the bankrupt. Under this decree the mortgaged premises were sold, and Hoo Sue became the purchaser at a price less than the amount due on the mortgage. A judgment for the deficiency was duly docketed on or about the fifteenth day of January, 1877. On the fifteenth day of February, 1877, a petition in bankruptcy was filed against Gardiner, and on the twentieth of February he was adjudged a bankrupt, and on the twelfth of April, 1877, the complainant was duly appointed assignee and received an assignment from the register.

On the third day of July, 1877, the assignee paid to the sheriff the sum of one thousand six hundred dollars and eighteen cents, being the aggregate of the amounts bid by Hoo Sue on certain parcels of the mortgaged land bought by him and which the assignee desired to redeem, together with the interest thereon as required by the laws of this state, and all taxes and assessments paid thereon by Hoo Sue and interest thereon. The bill charges that Hoo Sue has received the redemption money. but that he is proceeding to sell the same premises to satisfy the judg-

ment docketed for the deficiency. An injunction is therefore asked to restrain the defendant from proceeding with the sale, and for such other relief as to the court may seem meet. By the redemption laws of this state the persons entitled to redeem real estate sold on execution are divided into two classes: (1) The judgment-debtor or his successor in interest; (2) creditors having a lien by judgment or mortgage on the property sold or some share or part thereof, subsequent to that on which the property was sold. The latter are termed "redemptioners." Code Civ. Proc. § 701. If the property be redeemed by the judgment-debtor "the effect of the sale is terminated and he is restored to his estate." Section 703. If a "redemptioner" redeems he is obliged to pay in addition to the amount bid by the purchaser, interest, taxes, etc., the amount of "any prior lien held by the purchaser other than the judgment on which the purchase was made." If no other redemption be made he or his assignee is entitled to the sheriff's deed.

From these provisions, it results that if the judgment-debtor redeems, he holds the property as if no sale had been made. and subject to all valid liens upon it. If the property be redeemed by a "redemptioner," he succeeds to the rights of the purchaser at the sale, and holds the property divested of the lien of the judgment on which it was sold. This statute is not explicit as to the effect of a redemption by "the successor in interest" of the judgment-debtor.

If the lien of the original judgment for the unsatisfied balance be considered as subsisting until a redemption is made by a redemptioner, or the purchaser's right to a conveyance becomes absolute, the grantee or successor in interest of the debtor would take the property, subject to that lien. This view finds some support in the fact that the statute does not require the sheriff's deed to be made to the successor in interest of the debtor who has redeemed, but only to the last "redemptioner."

If, on the other hand, it be considered that the lien of the judgment on the property sold is extinguished by the sale, and only re-attaches on a redemption by the judgment-debtor, because by such redemption "the effect of the sale is terminated, and he is restored to his estate," as if no sale had been made, then a conveyance by him before redemption will pass the title, divested of the lien, for the unsatisfied balance of the judgment. See Van Dyke v. Herman, 3 Cal. 296; Knight v. Fair, 9 Cal. 117; McMillan v. Richards, Id. 413; Sharp v. Miller, 47 Cal. 82.

I do not deem it necessary to decide this point, which may be open to much controversy, for I consider that the assignee in bankruptcy occupies a position essentially different from that of the grantee or successor in interest of the judgment-debtor.

A proceeding in bankruptcy has been described as an attachment levied upon all the

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

property of the debtor for the equal benefit of all the creditors. An adjudication establishes the fact that the bankrupt is indebted, and the proof and allowance of the claims of the creditors operate as a judgment in their favor, against the assets in the hands of the assignee, in the same way as by the law of this state the allowance by the administrator and probate judge of claims against an estate have the force and effect of a judgment. 6 Cal. 412; Id. 166. The assignee represents not merely the bankrupt as his successor in interest, but also the rights of the creditors who are by the act forbidden to prosecute to judgment their demands. Thus transactions which are by law declared void or fraudulent as against creditors may be impeached by the assignee, although as against the bankrupt they would be valid. Edmondson v. Hyde [Case No. 4,285]. And yet, to enable a creditor to impeach such a conveyance in the ordinary tribunals he must establish his status as such by obtaining a judgment. So in Miller v. Jones [Id. 9,576] it was held that "the assignee in bankruptcy stands in the position of judgment-creditors with equal rights, the adjudication in bankruptcy being equivalent to the recovery of a judgment and a levy." So in Re Gurney [Id. 5,873], it was held that "an assignee in bankruptcy has a stronger right than the bankrupt. He stands in the place of an attaching or execution-creditor." See Barker v. Barker's Assignee [Id. 986].

In the case of Pellow v. Langtree, 5 Humph. 379, it was held that after adjudication a judgment-creditor of the bankrupt has no right to redeem and thereby secure to himself a preference, but that such right was exclusively vested in the assignee by the bankruptcy act. Unless he can exercise this right, and for the benefit of all the creditors the latter are deprived of an important privilege. The proceeding in bankruptcy prohibits them from obtaining judgments against the bankrupt. If they could do so they would have the right to redeem from the purchaser in the order of their priorities on paying to him the amount of his bid with interest, etc., together with the amount of any prior lien held by him other than the lien of the judgment under which the purchase was made. But if the assignee redeems merely as the grantee or successor in interest of the judgment-debtor, he will hold the property (it is contended) subject to the lien of the judgment for the unsatisfied balance, a burden from which it would be relieved if redeemed by a judgment-creditor.

By treating the assignee as a creditor who has obtained judgment against the bankrupt for all the provable debts due by him, the object of the redemption laws, and also that of the bankruptcy act, are attained. The creditors' right to redeem is protected and enforced as if they had all obtained a simultaneous judgment against the bankrupt; while the benefit of the redemption is, as the policy of the bankruptcy act requires, shared in by all equally. If the assignee can redeem only on payment of the unsatisfied balance of the judgment on which the property has been sold, or what is the same thing, takes the property subject to the lien of that judgment, the effect is to give the creditor a preference to the extent of the balance due him. If, on the other hand, the assignee declines to redeem, the creditor will hold the property he may have bought in, at perhaps a fraction of its value, freed from all liability to a redemption by judgment-creditors (for the bankruptcy act prevents the other creditors of the bankrupt from becoming such), and he may even prove for the unsatisfied balance under the bankruptcy, and claim his share of the dividends. The bankruptcy act would thus be used not only to defeat its own policy, but also to render practically inoperative the salutary provisions of the redemption laws.

The authority of the bankrupt act is paramount to that of the laws of the states; but both should, if possible, be so administered as to avoid conflict or interference. A construction of these provisions, which will carry out the policy and attain the ends of both, should therefore be unhesitatingly adopted. To allow the assignee in bankruptcy to exercise the rights of a "redemptioner," involves no greater violence to the strict letter of the statute, than the admission of a stockholder of a corporation to redeem its property sold under a decree of foreclosure, and to be subrogated to all the rights of the original purchaser at the sheriff's sale, notwithstanding that the title to the property was in the corporation, and that the stockholder was neither the judgment-debtor nor his successor in interest, nor had he any lien upon the property by judgment or mortgage. Wright v. Oroville Mining Co., 40 Cal. 20.

For these reasons I am of the opinion that the assignee's redemption had the same effect as if made by a judgment-creditor, and that he is like any other redemptioner entitled to a conveyance from the sheriff. I very much doubt, however, whether the court can on this bill give him the relief he is entitled to. The better course will be to apply to the state court for a mandamus upon the sheriff to make the conveyance, and for an order recalling the execution which Hoo Sue has taken out. In the meantime the injunction heretofore granted against the latter will be retained.

Since the above was written the supreme court of this state has decided—Simpson v. Castle [52 Cal. 645]—that the grantee of the judgment-debtor takes the property sold discharged of any lien for the unsatisfied balance of the judgment..