[Civ. No. 1995.   Third Appellate District.—July 22, 1919.]

E. S. WANGENHEIM, Plaintiff, v. MARY GARNER et al., Defendants; OTTO OLSEN, Cross-complainant and Respondent; AUGUSTUS KNIGHT, Defendant and Appellant.

[1] EXECUTION SALES—TITLE OF PURCHASER—EFFECT OF DEED.—Under section 700 of the Code of Civil Procedure, the purchaser under execution sale acquires the legal title of the judgment debtor, defeasible upon condition subsequent. The effect of the sheriff's deed is not to create a new title, but is merely evidence that the title of the purchaser has become absolute.

[2] QUIETING TITLE—SETTING ASIDE CONVEYANCE IN FRAUD OF CREDITORS—ADMISSIBILITY OF EVIDENCE OF FRAUD.—In an action for partition of certain real property, one of the defendants having filed a cross-complaint to quiet title to a certain interest in the property acquired at execution sale which another of the defendants, by answer thereto, claimed under a certain conveyance from the judgment debtor executed prior to the date from which such cross-complainant deraigned title, the latter was properly permitted to introduce evidence that the latter conveyance was executed for the purpose of preventing him from recovering the amount owed to him. Such fact constituted but a matter of avoidance of the defense set up in the answer to his cross-complaint.

[3] ID.—STATUS OF PLAINTIFF—BURDEN OF PROOF.—In an action to set aside a conveyance as being fraudulent as to creditors, the plaintiff must prove that he was a creditor of the grantor therein at the time such conveyance was executed.

---

1. Title acquired by creditor purchasing at execution sale, notes, 79 Am. St. Rep. 947; 21 L. R. A. 33.

[4] ID. — APPEAL — RECORD — ACQUIESCENCE IN RESPONDENT'S STATE-
MENTS—STIPULATION IMPLIED.—Where the record on appeal from
the judgment in such an action fails to show that the respondent
was a creditor at the date of execution of the alleged fraudulent
conveyance, but the appellant, relying on the fact that the record
does not show sufficient evidence of such fact, admits that the
respondent was actually a creditor of the grantor, his acquiescence
in respondent's statements that the fact was never questioned in
the court below, that appellant made no such claim therein, and
that if there had been any controversy about it, abundant evidence
could have been furnished to prove it, will be deemed a stipula-
tion that the respondent was such a creditor.

APPEAL from a judgment of the Superior Court of
Merced County. E. N. Rector, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ostrander, Tuttle, Griffin & Shaffer and H. K. Landram
for Appellant.

Edward Bickmore and Harry W. Hanson for Respondent.

BURNETT, J.—The action was for partition of certain
real property in Merced County. As to defendant Otto
Olsen, the complaint alleges that he claims an interest in
the property by virtue of the levy upon it of a writ of
attachment issued in the case of *Otto Olsen* v. *Josephine
Parten,* pending in the superior court of Los Angeles
County. In his answer Olsen alleges that subsequent to
the levy of said writ he obtained judgment in said case
and thereupon a writ of execution was issued and levied
upon the interest of said Josephine Parten in the property,
and on the eleventh day of September, 1916, he purchased
said interest at a sheriff's sale and received the certificate
of the sheriff therefor. He also filed a cross-complaint
against Josephine Parten, her husband, and Augustus
Knight, in which it is alleged that said Josephine Parten
was the owner of an undivided one-sixth of said land until
he acquired her interest by virtue of said judgment and
sale under said writ of execution. It is further averred
that said Parten and Knight claimed some interest adverse
to Olsen, and the prayer is for a decree determining that
their claims are subordinate to his ownership. The cross-

complaint was served only on Knight, who answered by averring that he is the owner of said undivided one-sixth by virtue of a deed, for a valuable consideration, from said Josephine Parten, executed on January 28, 1916. The controversy in the court below, as herein, was between said Knight and Olsen, the said writ of attachment having been levied subsequent to the alleged purchase by Knight.

As to this issue the court found: "That the alleged and purported sale and conveyance by Josephine M. Parten to Augustus Knight of her interest in said real estate was not in good faith and was for a consideration much less than the value of the property and was made for the purpose of preventing the defendant and cross-complainant, Otto Olsen, from recovering the amount owed to him by the said Josephine Parten; that the said purported conveyance to the said defendant Knight is, therefore, void and of no effect, and the recorder of the county of Merced is hereby ordered to cancel, and the said conveyance is hereby cancelled upon the records of the office of the county recorder of Merced County; that the defendant, Augustus Knight, acquired no interest in the said real estate under and by virtue of said alleged and purported deed."

The appeal is by Knight from the determination of the court that the said deed is invalid, and he makes three points: First, that respondent had only an equitable interest in the land by virtue of said certificate and sale, and, therefore, could not maintain the action as against the holder of the legal title; second, that the issue of fraud was not raised by said cross-complaint and is not, therefore, within the issues, and, third, that the evidence is insufficient to support the finding that the conveyance to Augustus Knight was fraudulent and void.

[1] The first point is answered by section 700 of the Code of Civil Procedure and the decisions of the supreme court in *Judson* v. *Lyford*, 84 Cal. 505, [24 Pac. 286], and *Pollard* v. *Harlow*, 138 Cal. 390, [71 Pac. 454, 648].

In the former it is said: "A deed in fraud of creditors is absolutely void as against them, and an execution sale of the debtor's interest carries the legal title and not an equitable interest only."

In the Pollard case the holding is that under said section 700 "the purchaser under execution sale acquires the legal

title of the judgment debtor, defeasible upon condition subsequent; and that the effect of the sheriff's deed is not to create a new title, but is merely evidence that the title of the purchaser has become absolute."

[2] The second contention is fully covered by the case of *Jose Realty Co.* v. *Pavlicevich,* 164 Cal. 613, [130 Pac. 15], wherein it is held that "in an action to quiet title to land, in which the defendant by his answer sets up title through a sale by a trustee under a deed of trust, executed by the plaintiff's predecessor in interest, the plaintiff, in avoidance of such defense, may offer evidence to show that the trustee's sale and deed made in pursuance thereof were invalid by reason of fraud, without pleading the fraud in his complaint." The reason is, as stated, that it is a matter of avoidance of the  defense set up in the answer.

[3] It is due to the learned counsel for appellant to say that in their closing brief they do not insist upon either of these positions, and they limit the third contention to the specification that the evidence is insufficient to show that, at the time of the conveyance to Knight, Olsen was a creditor of Josephine Parten. It is not disputed that it is only as a creditor that he can question the validity of said deed to appellant, the conveyance being good as between the parties. (*First Nat. Bank.* v. *Eastman,* 144 Cal. 487, [103 Am. St. Rep. 95, 1 Ann. Cas. 626, 77 Pac. 1043].) The finding that the deed was fraudulent as to creditors, in other words, must fall if it was not shown that there was a creditor.

It is admitted by respondent that "the most serious contention raised by appellant is, that there is no evidence in the record showing that the respondent, Otto Olsen, was the creditor of Mrs. Parten at the time of the conveyance to the appellant Knight." It is claimed, however, that it is sufficient, and, moreover, it is asserted that "this fact was not even questioned by the appellant during the course of the trial, and he raises the point for the first time on appeal, and the failure of appellant to even question the fact that this indebtedness existed at the time of the conveyance no doubt explains any lack of evidence of the existence of this indebtedness which could have been clearly established and which is conceded throughout the whole deposition of Mrs. Parten."

[4] The answer to this by appellant is "that Mrs. Parten was indebted to Olsen is not disputed, but there is absolutely no evidence in the record as to the time such indebtedness arose. Counsel complained that appellant did not instruct them as to how to prove their case or as to the facts that were necessary to establish their contention. We submit, however, that the duty of proving his case devolved upon respondent, and if Mrs. Parten were in fact indebted to Olsen prior to the conveyance from Mrs. Parten to Knight, respondent should have supplied such evidence in a clear and unequivocal manner. Such evidence was a condition precedent to his right to attack the conveyance from Mrs. Parten to Knight, and without a clear and satisfactory showing on the point the case for respondent must naturally fall." Respondent probably deserves the criticism for his carelessness, and the importance of the point is quite apparent. It is not, however, for us to require that the showing be "clear and satisfactory." It is sufficient if there be substantial evidence of the fact. We feel some doubt as to that—the evidence being meager—but we are satisfied that under the circumstances the cause should not be reversed for that reason. Respondent has virtually said in this court that the fact was never questioned in the court below, that appellant made no such claim therein, and that if there had been any controversy about it, abundant evidence could and would have been furnished to prove it. These statements are not denied by appellant and they must be deemed admitted. The counsel are honorable officers of this court, and we attach the same weight and significance to their statements and admissions as though they were testifying as witnesses.

The status of the matter may be thus presented: Appellant admits that respondent was actually a creditor; that he never questioned it in the court below; that if he had it would have been amply proven, but, since the record does not contain sufficient evidence of the fact, the cause should be reversed and additional cost incurred in proving a fact that never has been really disputed and concerning which there is no possible doubt.

We do not think the practical administration of justice would be subserved by such a course. The rules of pleading and practice are designed primarily to promote the

righteous determination of a judicial proceeding, and in their application we must not lose sight of that purpose. If appellant had stipulated in this court that Olsen was a creditor, it would not be seriously contended that the cause should be reversed in order that the fact might be proven in the court below. His acquiescence in the statement of respondent is equivalent to such stipulation.

The judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 18, 1919.

All the Justices concurred.