## JOHN E. STEINOUR and DORA STEINOUR, His Wife, Appellants, v. OAKLEY STATE BANK, a Corporation, Respondent.

[262 Pac. 1052.]

MORTGAGES — SHERIFF'S DEED — REDEMPTION FROM EXECUTION SALE — EXPIRATION OF STATUTORY PERIOD—BREACH OF AGREEMENT OF EXTENSION — EVIDENCE — TENDER — RELIEF IN EQUITY — ACTION TO QUIET TITLE—CONDITIONS PRECEDENT.

1. In action to quiet title to land sold under foreclosure of mortgage given by plaintiff, evidence *held* to show that defendant purchaser agreed to extend time for redemption, if persons from whom plaintiff expected money did not make payment, or at least caused plaintiff to believe so, thereby misleading him to his injury.

2. Mortgagors were entitled to redeem from foreclosure sale by paying assignee of sheriff's certificate face amount thereof, with ten per cent penalty and any assessments or taxes paid by assignee after purchase, and were not required to pay off subsequent debt to assignee.

3. Under C. S., secs. 6930, 6933, 6934, mortgagors effected no redemption of land from foreclosure by offer to redeem after expiration of statutory time.

4. In suit to quiet title, plaintiff must recover on the strength of his own title, not on the weakness of that of his adversary.

5. Court of equity, on proper bill declaring breach of agreement to extend time for redemption from mortgage foreclosure sale, fraud, mistake or other circumstances appealing to chancellor's discretion, may relieve debtor from failure to redeem within time required by C. S., sec. 6933.

6. Mortgagors, not asking award, permitting them to redeem after expiration of time fixed by C. S., sec. 6933, nor pleading any facts warranting such request, had no title to quiet, as title, of which they were divested by certificate of sale under sec. 6930, must be "redeemed"; that is, bought back from one who legally holds, before it can become available to them.

7. Debtor's tender of amount required to redeem from mortgage foreclosure sale after expiration of time allowed by C. S., sec. 6933, pursuant to agreement between parties, or voluntary assurances by purchaser, leading debtor to believe that he will be

indulged beyond such time, does not divest purchaser of title and restore debtor to estate, under sec. 6934, absolute title having already vested in purchaser under sec. 6930, and debtor's only recourse to enforce his contractual rights is to court of equity.

8. Deed issued by sheriff, following certificate of mortgage foreclosure sale, because of failure to redeem within time fixed by C. S., sec. 6933, is good and valid under sec. 6934, irrespective of purchaser's fraud or misconduct leading debtor to believe that time would be extended.

9. To determine the correctness or incorrectness of trial court's decree, supreme court can consider only what was before trial court at the time.

10. In absence of record showing of offer in trial court by plaintiffs, in suit to quiet title, to satisfy undisputed lien of mortgage, executed by them to defendant, supreme court cannot grant them such relief on appeal from judgment for defendant.

11. Mortgage foreclosure purchaser's assignee, whose representations that time for redemption would be extended, caused debtor to rest on false security, and forego his right to redeem, *held* not entitled to decree quieting title in such debtor's suit to quiet title, though such representations were made without consideration.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action to quiet title. Judgment for defendant. *Judgment and decree modified with instructions to the district*

Publisher's Note.

3. Right to redeem after expiration of period of redemption, see note in Ann. Cas. 1913E, 1187. See, also, 19 R. C. L. 650.

4. See 5 R. C. L. 675.

5. Power of court, on equitable grounds to permit redemption from mortgage foreclosure sale after expiration of statutory period of redemption, see note in L. R. A. 1917E, 637. See, also, 19 R. C. L. 651.

See Appeal and Error, 4 C. J., sec. 2579, p. 679, n. 37.

Mortgages, 42 C. J., sec. 1951, p. 281, n. 65; sec. 2147, p. 384, n. 56; sec. 2160, p. 391, n. 84, 86; sec. 2165, p. 394, n. 33; sec. 2172, p. 397, n. 7.

Quieting Title, 32 Cyc., p. 1329, n. 70, p. 1334, n. 2, 13, p. 1355, n. 61.

*court to enter judgment denying respondent relief upon its cross-complaint. In all other respects it is affirmed.*

Walters & Parry and Frank T. Wyman, for Appellants.

A false representation as to the expiration of the time for redemption from a foreclosure sale is a representation of fact from the consequences of which relief will be granted to the injured party. (*Kelly v. Rogers,* 21 Minn. 146; *Bramel v. Burden,* 7 Ky. Law Rep. 97; *Bunting v. Haskell,* 152 Cal. 436, 93 Pac. 110; *Cox v. Ratcliffe,* 105 Ind. 374, 5 N. E. 5; *Tice v. Russell,* 43 Minn. 66, 44 N. W. 886; *Way v. Hill,* 41 S. D. 437, 171 N. W. 206; *Murphy v. Teutsch,* 22 N. D. 102, 132 N. W. 435; Ann. Cas. 1913E, 1185, and note; *Hamilton v. Hamilton,* 51 Mont. 509, 154 Pac. 717; *Henderson v. Harness,* 184 Ill. 520, 56 N. E. 787; *Daniel v. Daniel,* 190 Ky. 210, 226 S. W. 1070; *Leggat v. McLure,* 234 Fed. 620, 148 C. C. A. 386; *Palmer v. Douglas,* 107 Ill. 204; *McMakin v. Schenck,* 98 Ind. 264.)

The tender of the redemption money terminated the effect of the sale and restored the estate in the lands to Steinour. (C. S., sec. 6934; *Bunting v. Haskell, supra*; *Leet v. Armbruster,* 143 Cal. 663, 77 Pac. 653.)

If one or both parties to a contract labor under a mistake or misapprehension as to their existing legal rights or interest in the thing conveyed or contracted about, the mistake will be treated as a mistake of fact against which relief will be granted. (10 R. C. L. 304–311; 1 Elliott on Contracts, sec. 114; *Baldock v. Johnson,* 14 Or. 542, 13 Pac. 434; *Toland v. Corey,* 6 Utah, 392, 24 Pac. 190; *Rued v. Cooper,* 119 Cal. 463, 51 Pac. 704; *Hartwig v. Clark,* 138 Cal. 668, 72 Pac. 149.)

The law requires a mortgagee to deal fairly with its mortgagor with respect to the latter's rights in the mortgaged premises. (*Johansen v. Looney,* 31 Ida. 754, 176 Pac. 778, and cases cited.)

W. J. Mitchell and Sweeley & Sweeley, for Respondent.

The right to redeem from a sale of foreclosure of a mortgage after the redemption period has expired under a claim of relying on a permission of the mortgagee to accept payment at the redemptioner's convenience or within a reasonable time, cannot be upheld unless it appears by clear and convincing evidence that such permission was made and in good faith relied on. (16 R. C. L. 141, sec. 103; 19 R. C. L. 652, sec. 468; *Potter v. Fort Madison Loan & Trust Bldg. Assn.,* 133 Iowa, 367, 110 N. W. 617; *Sharpe v. Lees,* 62 Or. 506, 123 Pac. 1071; *Lynch v. Burt,* 132 Fed. 417, 67 C. C. A. 305, 317; *Teabout v. Jaffray,* 74 Iowa, 28, 7 Am. St. 466, 36 N. W. 784; *Taylor v. Reid,* 103 Ill. 349; *Hart v. Seymour,* 147 Ill. 598, 35 N. E. 246; *Taggart v. Blair,* 215 Ill. 339, 74 N. E. 372; *Kenmare Hard Coal etc. Co. v. Riley,* 20 N. D. 182, 126 N. W. 241.)

As the respondent had redeemed as a junior lienholder from the sheriff's sale and had complied with the statute relating to that redemption, the appellants could only redeem from the sheriff's sale by making payment of the amount thereof besides the penalty fixed by statute and also the amount of the claim of the respondent by virtue of which it had made redemption with the four per cent penalty provided for by statute. (C. S., secs. 6933, 6934.)

Misrepresentations or misunderstanding of the law will not vitiate a contract either in equity or law where there is no misunderstanding of the facts. A mistake of law will not support an action to set aside a contract. (*Upton v. Tribilcock,* 91 U. S. 45, 23 L. Ed. 203; *Peterson v. Woollen,* 48 Kan. 770, 30 Pac. 128; *Christy v. Sullivan,* 50 Cal. 339, 19 Am. Rep. 655; *Allen v. Allen,* 95 Cal. 199, 30 Pac. 213; *Kelly v. Turner,* 74 Ala. 513, 520; *Hedin v. Minneapolis Medical & Surg. Inst.,* 62 Minn. 146, 54 Am. St. 628, 64 N. W. 158, 35 L. R. A. 417; 12 R. C. L. 295; 14 Am. and Eng. Ency. of Law, 2d ed., 54; *Rheingans v. Smith,* 161 Cal. 362, Ann. Cas. 1913B, 1140, 119 Pac. 494; *Choate v. Hyde,* 129 Cal. 580, 62 Pac. 118; note to 1913B, Ann.

Cas., 1144 and cases cited; *Robins v. Hope*, 57 Cal. 493; *Cobb v. Wright*, 43 Minn. 83, 44 N. W. 662; *Champion v. Woods*, 79 Cal. 17, 12 Am. St. 126, 21 Pac. 534; 12 R. C. L. 371, secs. 123, 129; *Brown v. Bledsoe*, 1 Ida. 746.)

The pretended redemption made by appellants was not effective for the reason, among others, that the only tenders made by them or on their behalf were checks which were refused. Payment could only be made in money or currency. (C. S., sec. 6933.)

Appellants can rescind their written contract only by placing the respondent *in statu quo*. This they have not done or offered to do. Depending on the validity of that contract and that appellants would respect it the respondent paid to the Milner State Bank an indebtedness of Steinour in the amount of $504. This has not been repaid and no offer to repay it has been made either by pleading or proof. (6 R. C. L., p. 936, sec. 319, and cases cited.)

Appellants could have maintained this action only by rescinding their contract. They lost their right to rescind, if they had any, by long delay in asserting it and by accepting the benefits of that contract. (6 R. C. L., p. 935, sec. 317, and cases cited.)

WM. E. LEE, C. J.—Appellants owed one Edwards $1,500, payment of which was secured by a mortgage on the land involved in this action. On a failure to pay the debt the land was sold under mortgage foreclosure to one Hazel, who assigned the sheriff's certificate of sale to respondent. The period of redemption from the foreclosure sale expired on December 13, 1912. On December 14th, appellants offered to redeem from the foreclosure. Respondent refused the tender because it did not also include a debt secured by a subsequent mortgage on the same land. Two or three days thereafter such additional sum was tendered and respondent declined it on the ground that it was not made in time. The sums tendered, having been refused, the sheriff made and delivered a deed to respondent. Some time thereafter and prior to the commencement

of this action appellants surrendered possession to respondent.

[1]    John E. Steinour testified that about six weeks prior to the expiration of the period of redemption from the sale under the Edwards foreclosure he called on one Randall, the cashier of respondent bank, and told him that he had entered into a contract to sell some land to realize money with which to redeem from the foreclosure, but the persons buying had been unable to raise the money; that they had been extended additional time to make payment; that Randall said it should give him no concern, that if those people were not able to "come through" on time, December 13th, the bank would extend the time; that the bank did not care for the title, but that it wanted the money—it wasn't the land the bank was after. On the morning of the 13th, Steinour went to the bank, before it opened, and Randall "didn't seem inclined to talk very much." He spoke to Randall about the redemption, and Randall told him he had written him a letter the day before (which Steinour had not received) and showed him a copy. The letter informed Steinour that the bank would not extend the time for making redemption. He thereupon drove his team fifty miles to Twin Falls, and before office hours the next morning gave the sheriff a check on a Twin Falls bank for the amount necessary to redeem from the Edwards foreclosure.

The evidence of Steinour on this question was not contradicted, and, in view of all the facts and circumstances in this case, I am convinced that the bank agreed to extend the time for redemption, in case the other persons, from whom Steinour expected money, did not make the necessary payment; it certainly caused Steinour to believe it had done so, and thereby misled him to his injury. The fact that the bank waited until the day before the expiration of the period to notify Steinour that it would not extend the time, in view of all the evidence, makes its motive apparent; and the fact that Steinour drove his team to Twin Falls, fifty miles, on the 13th and got the necessary funds

with which to redeem, is convincing that he relied on the bank's assurance of an extension. Otherwise, it can hardly be doubted that he would have gone to Twin Falls prior to the final day for redemption and would have redeemed on or prior to the 13th. Under these circumstances the learned judge erred in finding " . . . . that no statements, promises, agreements or other representations were ever made by the said Oakley State Bank . . . . to the plaintiffs in which the said defendant promised, or agreed to or in any manner represented that it would extend the said period of redemption or waive any of its rights under such redemption, and that the plaintiffs never relied, acted or pretended to act thereon."

[2] The refusal of respondent to accept appellant's offer was based on its alleged insufficiency, and it is contended that it was not sufficient in that it did not include the amount of a subsequent mortgage debt owing by appellants to the bank. Respondent's position cannot be sustained; it is not the law. Appellants were entitled to redeem by paying the bank the face of the certificate of sale together with a penalty of ten per cent and any assessments or taxes paid by it after the purchase; and, to redeem the land from the foreclosure sale, they were not required to pay off the subsequent mortgage debt. (*Kelly v. Clark*, 23 Ida. 1 (16), Ann. Cas. 1914C, 665, 129 Pac. 921; *Sharp v. Miller*, 47 Cal. 82; *Hamilton v. Hamilton*, 51 Mont. 509, 154 Pac. 717; *Warren v. Fish*, 7 Minn. (Gil. 347) 432.)

[3, 4] Treating the tender by check as good, since it was sufficient in amount and was rejected on the sole ground that it was not sufficient (*Boise L. Co. v. Independent School Dist.*, 36 Ida. 778, 214 Pac. 143; *North Dakota Horse & C. Co. v. Serumgard*, 17 N. D. 466, 138 Am. St. 717, 117 N. W. 453, 29 L. R. A., N. S., 508; 19 R. C. L. 648, sec. 464; 2 Jones on Mortgages, 7th ed., 695, sec. 1088), in an opinion heretofore filed, but not published, we held that the offer to redeem, made one day after the expiration of the period of redemption allowed by law, but

within the time the holder of the certificate of sale agreed that redemption might be made, had the same effect as if made within the statutory period.  In consequence of that holding we remanded the cause to the trial court with directions to determine certain amounts to be paid by appellants to have title quieted in them.  Petitions for rehearing were filed by both appellants and respondent, and, at the request of counsel, the trial court was directed to take an accounting between the parties.

Because of the conclusion at which we have arrived, it is unnecessary to specially refer to the points made in the petitions for rehearing.  It is not out of place, however, in view of the insistence of respondent that since the trial court found in his favor on his defense of certain statutes of limitation, the question should have been determined by this court, to say that, while the trial court made findings of fact and conclusions of law favorable to respondent, nowhere in the findings or conclusions in the transcript before us is there any finding whatever with respect to any statute of limitation.  It was, therefore, not thought necessary to discuss the question.

After a most careful consideration of this cause and a search of the authorities, we have reached the conclusion that, under our statutes, we were wrong in holding that appellants effected a redemption of the land from foreclosure by their offer to redeem after the expiration of the statutory time for redemption.  Both the complaint of appellants and the cross-complaint of respondent are in the usual form of complaints in suits to quiet title.  In a suit to quiet title one must recover on the strength of his own title and not on the weakness of that of his adversary. (*Washington State Sugar Co. v. Goodrich,* 27 Ida. 26, 147 Pac. 1073.)  And for appellants to prevail here they must first show that they have a title to quiet.

On a sale of real property, in the foreclosure of a mortgage, the sheriff is required to deliver to the purchaser a certificate of sale, which must be recorded, and the purchaser "is substituted to, and acquires all the right, title,

interest and claim of the judgment debtor thereto . . . .
subject to redemption, as provided in this chapter.''
(C. S., sec. 6930; *McNutt v. Nuevo Land Co.,* 167 Cal. 459,
140 Pac. 6.) ''The judgment debtor . . . . may redeem
the property from the purchaser within one year after the
sale. . . . . '' (C. S., sec. 6933.) If the mortgagor re-
deem within the year, '' . . . . the effect of the sale is ter-
minated and he is restored to his estate.'' (C. S., sec.
6934; *Bateman v. Kellogg,* 59 Cal. App. 464, 211 Pac. 47.)
''Upon a redemption by the debtor, the person to whom
payment is made must execute and deliver to him a certifi-
cate of redemption, acknowledged . . . . ,'' which '' . . . .
must be filed and recorded . . . . ,'' and '' . . . . the re-
corder must note the record thereof in the margin of the
record of the certificate of sale.'' (C. S., sec. 6934.) The
purchaser or his assignee is entitled to a sheriff's deed
'' . . . . at the expiration of one year after the sale
. . . . '' (C. S., sec. 6934), if redemption has not been
made. The effect of the foreclosure sale was that appel-
lants lost and the purchaser acquired title to the land.
Under the statute, the title of the purchaser could be di-
vested and the estate restored in the appellants only by
a redemption within one year after sale. (*Tilley v. Bon-
ney,* 123 Cal. 118, 55 Pac. 798.) Such a redemption, and
the recording of the certificate thereof, nullifies the effect
of the sale and leaves the legal title of the land the same
as if the foreclosed mortgage had not been given. (*Bate-
man v. Kellogg, supra.*) In this case, the offer to redeem
was made after the expiration of the statutory period of
redemption and consequently no redemption was effected
thereby. The statutory right to redeem was lost and title
absolute vested in the purchaser when the statutory period
of redemption expired. ''Parties to the suit in which the
judgment is rendered, under which the sale is made, are
restricted to the six months given by statute, for they have
had their day in court, and their rights after decree de-
pend entirely upon the statute.'' (*Whitney v. Higgins,* 10
Cal. 554, 70 Am. Dec. 748; *Montgomery v. Tutt,* 11 Cal.

317.)  The statutory redemption cannot be effected after the expiration of the statutory period therefor. (*Bunting v. Haskell*, 152 Cal. 426, 93 Pac. 110.)  And this is not in conflict with *Kelly v. Clark, supra,* for in that case the offer to redeem was made within the statutory period. " . . . . These statutory provisions prescribe the procedure to be employed in cases where redemption is made within the statutory period.  In such cases a redemption is fully accomplished by a compliance with the statute, regardless of whether the owner of the certificate of sale is willing to permit a redemption to be made.  That is, when the redemptioner has complied with the provisions of the statute relating to redemption no further action is necessary on his part.  But in a case like this, where the owner of the equity of redemption is prevented from exercising his right to redeem in the statutory manner, the mode prescribed by statute for the exercise of the right is neither available nor effective.  In such case it becomes necessary to invoke the aid of a court vested with equity jurisdiction to obviate the consequences of failure to redeem within the time and in the manner prescribed by the statute.  The very basis for the invoking of equity jurisdiction is that the redemptioner was prevented from exercising his statutory right of redemption in the manner prescribed by the statute by the fraud or deception of the adverse party.

"In this case it is undisputed that on the 12th day of July, 1922, plaintiff offered to redeem and stood ready and willing to pay to the defendant the full amount due on the certificate of sale, and actually offered to pay the defendant the full amount so due, but that the defendant refused to accept such moneys solely on the ground that the period allowed by law for making redemption had expired.  At this time the statutory period for redemption had expired, and the statutory mode of redemption was no longer available to the plaintiff, as the defendant, by the fraud he had practiced on the plaintiff, had effectively prevented plaintiff from exercising this right, and plaintiff was compelled to invoke the aid of equity to be relieved from the conse-

quences resulting from such fraud." *Security State Bank v. Kramer*, 51 N. D. 20, 198 N. W. 679.

[5, 6] Courts of equity, when the statutory right has been lost, may, upon a proper bill declaring a breached agreement of extension between the parties, fraud, mistake or other circumstances appealing to the discretion of the chancellor, relieve a debtor whose property has been sold from failure to redeem within the statutory period. (*Bunting v. Haskell, supra.*) The court cannot award the right to redeem under the statute, but merely refuses to allow a party with unclean hands to benefit from his wrongful induction of a debtor into a trap from which the law cannot extricate him, and strips the wrongdoer of the title which the debtor intended to and would have otherwise redeemed; the debtor being required to pay at a later date what he would have paid at the time demanded by law. Appellants have wholly failed to ask the trial court for an award permitting them to redeem nor have they plead any facts on which they could predicate such a request. Not until a court of equity, upon a proper bill, shall have awarded the right to redeem, and the redemption has been effected, can appellants have any title to quiet. They were divested of whatever title they had by the certificate of sale and failure to redeem. (C. S., sec. 6930; *Syster v. Hazzard*, 39 Ida. 580, 229 Pac. 1110; *Waugenheim v. Garner*, 42 Cal. App. 332, 183 Pac. 670; *Pollard v. Harlow*, 138 Cal. 390, 71 Pac. 454, 648; *Robinson v. Thornton*, 102 Cal. 675, 34 Pac. 120; *Leet v. Ambruster*, 143 Cal. 663, 77 Pac. 653.) That title, before it can become available to plaintiff, must be redeemed; and "redeemed" means nothing less than "bought back" from one who legally holds. (*Evans v. Kahr*, 60 Kan. 719, 57 Pac. 950, 58 Pac. 467.)

[7] Even though a tender by the debtor within the statutory time automatically divests the purchaser of the title, and restores the debtor to his lost estate (C. S., sec. 6934; *Leet v. Ambruster, supra*), a tender, after the expiration of the statutory time, made in pursuance of an agreement between the parties serves no such purpose, the stat-

ute having already operated to vest absolute title in the purchaser. The debtor's rights rest then in contract only; and, to enforce those rights, his only recourse is a court of equity where, upon a proper showing, he will be restored to his estate upon the payment of the redemption money. The same rule applies where, in the absence of a specific agreement, the purchaser has by voluntary assurances led the debtor to believe he will be indulged beyond the statutory period. A case directly in point with the case at bar is that of *Security State Bank v. Kramer, supra.*

[8] It is apparent from the record that plaintiffs were in court without title, and seeking without any incident pleading whatever to secure collaterally an affirmative relief which a court of equity could award only directly, and then only upon special facts distinctly plead. The principle applied here must not be confused with the rule in quieting title cases, where, in order to avoid fraudulent instruments set up in defense, it is not necessary that the complainant plead the fraud, but that he may attack the fraud wherever he finds it. In such cases, the instrument, either in its execution, delivery, or some attendant feature, has been touched with fraud. But here none of these circumstances appear. The sheriff's deed followed the certificate of sale, not in consequence of or by reason of any fraud, but solely because of the failure to redeem within the statutory time. The sheriff's duty was purely statutory; and the deed issued by him was good and valid, irrespective of defendant's alleged misconduct to plaintiffs' prejudice. We conclude, therefore, that, plaintiffs having failed to show title in themselves, their entire cause of action fails, and the action should be dismissed.

[9, 10] Furthermore, they are precluded from relief on another ground. The cause comes to us on the record made; and, to determine the correctness or incorrectness of the trial court's decree, we can consider nothing but what was before the court at the time. It appears that when they went to trial, there was still outstanding against the premises the undisputed lien of the $2,000 mortgage exe-

cuted by plaintiffs in defendant's favor. The record upon which the judgment and decree was based shows no offer in the trial court by plaintiffs to satisfy this lien, no offer to do such fundamental equity as is a prerequisite for relief. (*Tarr v. Western L. & S. Co.*, 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707.)

[11] It does not follow that the decree quieting respondent's title should stand. Steinour testified that: "Mr. Randall, at the time said that it should give me no concern; that, if those people were not able to come through on time, they would extend the time; that they didn't care for the title, but that they wanted the money—it wasn't the title they were after. This went on until December 13th, in the morning, and I began to get a little nervous."

Due to this nervousness, it is apparent that on the day mentioned, Steinour went to Oakley to see Randall, and learned that Randall had written him the day before that no further time would be granted him. From the entire record, the conclusion that Steinour was lulled into a sense of security and thereby lost his right to redeem is unavoidable. It matters not that the representations of the bank were made without consideration. That they caused Steinour to rest on a false security and forego his statutory right to redeem is sufficient to foreclose respondent of affirmative relief. (*Schroeder v. Young*, 161 U. S. 334, 16 Sup. Ct. 512, 40 L. ed. 721.)

The judgment and decree is modified with directions to the trial court to enter judgment denying respondent any relief upon its cross-complaint. In all other respects it is affirmed. No costs allowed.

Budge, Givens and T. Bailey Lee, JJ., concur.

TAYLOR, J., Concurring in Part.—I concur in affirming that portion of the judgment affirmed. The judgment should be affirmed in its entirety.

Petition for rehearing denied.