[Civ. No. 2187. Fourth Appellate District.—December 21, 1938.]

SANTA ANA MORTGAGE & INVESTMENT COMPANY (a Corporation), Respondent, v. HENRY M. KINSLOW et al., Appellants.

Arthur E. Koepsel for Appellants.

Forgy, Reinhaus & Forgy and A. M. Bradley for Respondent.

MARKS, J.—This is an appeal from a judgment quieting plaintiff's title to real estate in the city of Santa Ana in Orange County.

Prior to May 17, 1933, John T. Kinslow and Leona E. Kinslow were husband and wife. John T. Kinslow died prior to that date. He left a deed conveying the property involved here to his widow. It was recorded on May 17, 1933. On June 1, 1933, Mrs. Kinslow signed and acknowledged a deed conveying the same property to her two sons, the defendants, Henry M. and Walter T. Kinslow. This deed was delivered in August, 1933, and recorded on December 18, 1933. She received no compensation for this deed and the transfer left her insolvent.

On December 22, 1931, Mrs. Kinslow signed a note in the principal sum of $5,500, payable to The First National Bank of Santa Ana. On May 23, 1933, she executed a second note in the principal sum of $900, and on October 11, 1933, a third note in the principal sum of $475. Principal payments were made on account of the first note but none were made on the others.

On February 17, 1934, The First National Bank of Santa Ana recovered a judgment against Mrs. Kinslow on these notes in the sum of $5,255.83, besides costs. Execution was issued on this judgment and on May 21, 1934, the property here involved was sold to the plaintiff in that action and a certificate of sale was issued. On November 1, 1935, The First National Bank of Santa Ana sold, assigned and granted the certificate of sale and the property to the plaintiff in this action.

This action was commenced on May 25, 1936. The complaint contains two causes of action. The first is in the usual form of an action to quiet title. The second pleads the facts we have outlined. The trial court found these facts to be true; that the deed from Mrs. Kinslow to defendants was voluntarily made without consideration and rendered Mrs. Kinslow insolvent and was fraudulent and void as against her creditor, The First National Bank of Santa Ana, and plaintiff, its successor in interest. Judgment was entered quieting plaintiff's title to the property and cancelling the deed from Mrs. Kinslow to defendants.

Defendants demanded a jury trial. This demand was refused by the trial court. This is now assigned as error. An action to quiet title and an action to cancel an instrument are equitable actions in which a trial by jury is not a matter of right. (*Butler* v. *San Francisco etc. Co.,*

168 Cal. 32 [141 Pac. 818]; *Kemp* v. *Enemark,* 194 Cal. 748 [230 Pac. 441]; *Wangenheim* v. *Garner,* 42 Cal. App. 332 [183 Pac. 670]; *Union Oil Co.* v. *Reconstruction Oil Co.,* 20 Cal. App. (2d) 170 [66 Pac. (2d) 1215].)

Defendants base their argument that they should have been allowed a trial by jury upon the allegation "that the plaintiff is the owner and entitled to the possession" of the property in question which appears in the first cause of action of the complaint. It is urged that this allegation makes the action one for possession of real property. Counsel for plaintiff announced in open court that the question of possession was not involved in the action. The prayer of the complaint did not include a request for possession. The case was not tried on the theory of possession. No judgment for possession was given. The inclusion of the words, "and entitled to the possession", in the quoted phrase, did not change the nature of the action. It remained one in equity.

Defendants next urge that plaintiff did not prove title in Mrs. Kinslow. She was the common source of the titles of the parties. In *Denning* v. *Green,* 88 Cal. App. 379 [263 Pac. 819], the court said:

"Both parties therefore claim under a common source of title. Under these circumstances it was sufficient for plaintiff to show a conveyance of title from that source without further establishing that the grantor herself had title. (*McGorray* v. *Robinson,* 135 Cal. 312 [67 Pac. 279]; *Phillips* v. *Menotti,* 167 Cal. 328 [139 Pac. 796]; *Rockey* v. *Vieux,* 179 Cal. 681 [178 Pac. 712]; *Jeffers* v. *Hulen,* 52 Cal. App. 590 [199 Pac. 350].)" (See, also, *Fleishman* v. *Davis,* 128 Cal. App. 174 [16 Pac. (2d) 776].)

It is next contended that the complaint fails to state a cause of action. As we have observed, the first cause of action is in the time-honored form of an action to quiet title. That it states a cause of action is admitted by the failure to attack it. It was unnecessary for plaintiff to add any further cause of action in order to quiet its title. The second cause of action also alleged the ultimate facts necessary to state a cause of action. It was not necessary to allege an actual intent to defraud, where the conveyance which was under attack was made by her voluntarily, without consideration, and rendered Mrs. Kinslow insolvent. (Sec. 3442, Civ. Code; *Lefrooth* v. *Prentice,* 202 Cal. 215

[259 Pac. 947].) The failure to allege such intent did not make the pleading defective as such an intent is implied from the facts alleged.

Defendants argue that plaintiff is estopped from attacking the conveyance from Mrs. Kinslow to defendants because the deed was prepared by and acknowledged in the trust department of The First National Bank of Santa Ana, and, an officer of the bank knew that the deed was to be prepared. While both these facts appear in the record, it also appears from the testimony of Mrs. Kinslow that these representatives of the bank believed that the deed would not be delivered during the lifetime of Mrs. Kinslow. The trust officer wrote on the envelope containing the deed: "Not to be opened until my death," and told Mrs. Kinslow "to seal it and put it in the deposit box and not let the boys get a hold of it". If this advice had been followed, no present interest could have been conveyed to defendants.

Estoppel is further urged because the bank loaned Mrs. Kinslow $475 on October 11, 1933, after its officers knew the deed had been prepared. What we have already said answers this argument. The deed was not recorded until December 18, 1933, at which time the bank received its first intimation of its delivery.

It is urged that the finding that Mrs. Kinslow was indebted to the bank on June 1, 1933, in the sum of $4,656.56, besides interest, is contrary to the evidence because that sum included the amount of the third loan which was not made until October 11, 1933. We may assume that this argument is factually correct without being required to reverse the judgment. Deducting the principal amount of the third note from $4,656.56 would still leave her indebted on June 1, 1933, in the sum of $4,181.56. It is not the amount of the indebtedness that made the conveyance fraudulent, but the fact that the property was voluntarily conveyed without consideration and that the conveyance left Mrs. Kinslow insolvent. (*Atkinson* v. *Western D. Syndicate,* 170 Cal. 503 [150 Pac. 360].) The error in the finding, if error there be, is harmless.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 16, 1939.