709 P.2d 146

**TUDOR ENGINEERING COMPANY,**
**Plaintiff-Respondent-Appellant,**

v.

**John B. MOUW,**
**Defendant-Appellant-Respondent,**
**and**
**Terry Neal, Intervenor-Respondent.**

**No. 15387.**

Supreme Court of Idaho.

Oct. 31, 1985.

574

Michael J. Doolittle of Dennis J. Sallaz, Chartered, Boise, for plaintiff-respondent-appellant.

Michael Gaffney of Ringert, Clark, Harrington, Reid, Christenson & Kaufman, Boise, for defendant-appellant-respondent.

Stephen L. Beer and Dennis L. Cain of Beer & Cain, Boise, for intervenor-respondent.

DONALDSON, Chief Justice.

This action arises out of an unpaid bill for surveying services. On March 2, 1981, Tudor Engineering Company (Tudor), filed an action in small claims court seeking to recover $291.97 for professional land surveying services performed for John Mouw. Mouw had refused to pay the bill, asserting that the amount he was charged was excessive in light of the services rendered. Judgment was entered in favor of Tudor for the amount requested.

On May 21, 1981, Mouw filed a notice of appeal from the small claims judgment, posting a $75 cash bond and an undertaking on appeal of $270.72. The appeal was heard as a trial de novo with both parties appearing pro se. Judgment was entered against Mouw for the sum of $304.22.

On November 12, 1981, Tudor secured a writ of execution from the clerk of the district court. The writ directed the sheriff to satisfy the judgment with interest, first, out of Mouw's personal property and, if that proved insufficient, out of his real property. On November 16, 1981, the sheriff levied upon "all the right, title, claim and interest of the defendant, John B. Mouw, in and to the following described real property ... to wit: Lots 11 to 16 inclusive, Block 7, Randall Acres Subdivision No. 2." Tudor did not attempt to execute on the bonds prior to levying on the real property.

The record owner of the lots in question is Ethel F. Hughes. On January 19, 1979, Hughes had contracted to sell the property to John and Sandra Mouw and Terry and Karen Neal for a total purchase price of $45,000. The real estate contract was acknowledged and recorded at all times pertinent to the action herein.

An execution sale was held on January 25, 1982. Notice of the sale was by posting and publication pursuant to I.C. § 11–302. Tudor did not serve Hughes, the Mouws, or the Neals with notice of the impending sale. Tudor was the only bidder at the sale, purchasing the property for $385.65. The statutory redemption period expired on July 25, 1982 and Tudor was issued a sheriff's deed on August 4, 1982.

On August 18, 1983, Mouw filed a motion to set aside the sale. He asserted that he was unaware of the sale until he observed a "for sale" sign posted on the property. On August 19, respondent, Terry Neal, filed a motion to intervene. The motion was granted on October 3, 1983.

A hearing was held on November 21, 1983. At the hearing, Mouw requested that the sheriff's sale be set aside or, in the alternative, that he be allowed to equitably redeem the property. The court took the case under advisement, and, on December 14, 1983, issued a Memorandum Decision

and Order vacating the sheriff's sale. Tudor appeals from the decision.

The district court based its decision to vacate the sheriff's sale on alternate grounds. Relying on the recent United States Supreme Court opinion in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the court held that Tudor's failure to provide Mouw and Neal with actual notice of the execution sale constituted an unconstitutional deprivation of property without due process of law, rendering the sale void. In the alternative, the court found that the circumstances surrounding the execution sale justified giving Mouw an equitable right of redemption. Because we agree with the district court that the circumstances of this case justify equitable relief, we decline to address the question of whether the *Mennonite* decision should be applied retroactively to the facts of the present case.

Idaho, like many states, recognizes the existence of an equitable right to redeem property.

> "Courts of equity ... may, upon a proper bill declaring ... fraud, mistake or other circumstances appealing to the discretion of the chancellor, relieve a debtor whose property has been sold from failure to redeem within the statutory period.... The court cannot award the right to redeem under the statute, but merely refuses to allow a party with unclean hands to benefit from his wrongful induction of a debtor into a trap from which the law cannot extricate him, and strips the wrongdoer of the title which the debtor intended to and would have otherwise redeemed; the debtor being required to pay at a later date what he would have paid at the time demanded by law."

*Southern Idaho Production Credit Ass'n v. Ruiz*, 105 Idaho 140, 144, 666 P.2d 1151, 1155 (1983), *quoting Steinour v. Oakley State Bank*, 45 Idaho 472, 482, 262 P. 1052, 1053 (1928).

In *Steinour*, the purchaser mislead the debtor into believing that the statutory period of redemption would be extended. The Court found that an equitable right to relief might exist based upon the purchaser's allegedly wrongful conduct. In *Ruiz*, the parties stipulated that the debtor was incompetent at all times following the filing of the original action. We held that such incompetence was an "other circumstance" within the meaning of the rule set out in *Steinour* sufficient to justify examining the transaction to determine whether equitable relief was appropriate. *Ruiz, supra*, 105 Idaho at 144, 666 P.2d at 1155.

As we stated in *Ruiz*, "A granting of an equitable right of redemption is, in effect, a balancing of the equities that exist on either side of the dispute." *Id.* The trial court must weigh the various equitable considerations and determine whether, in its discretion, the debtor is entitled to an equitable right of redemption. The trial court's decision will not be disturbed on appeal where it is supported by substantial, competent evidence. *Id.* at 145, 666 P.2d at 1156.

In the present case, the trial court listed the following five equitable considerations which, in its view, justified a grant of equitable relief. First, the gross inadequacy of the purchase price at execution. Tudor purchased the property for $385.65 and shortly thereafter advertised it for sale for $49,000.00. In *Ruiz*, we noted that the adequacy of the sale price at foreclosure, while not conclusive, is an important factor in determining whether an equitable right of redemption should be granted. Second, the execution sale violated the rights of innocent third parties. Following the execution sale, Tudor, despite its knowledge of the interests of Hughes, the Neals, and Sandra Mouw, placed the entire parcel for resale. Third, Tudor failed to provide any of the interested parties with actual notice of the execution sale. Fourth, the appeal bond, although available, was not executed on prior to levy. Finally, Tudor did not obtain a charging order. There was evidence presented at trial that the Mouws and the Neals purchased the property as a partnership. Under Idaho law, the interest

of a partner in partnership property is not subject to execution absent a charging order. I.C. §§ 53–325(2)(c) and 53–328. *See Tom Nakamura, Inc. v. G & G Produce Company*, 93 Idaho 183, 457 P.2d 422 (1969).

After reviewing the record we conclude that the factors outlined above constitute substantial, competent evidence in support of the trial court's decision. Accordingly, we affirm that portion of the district court's decision granting Mouw an equitable right of redemption.

Neal has requested attorney fees on appeal pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(2). Because we conclude that Tudor has acted unreasonably in pursuing this appeal, we grant Neal's request for attorney fees on appeal.

Affirmed.

Costs and attorney fees to respondent.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.