[Sac. No. 861.    Department One.—January 6, 1902.]

BERNARD McGORRAY, Appellant, v. KATE ROBINSON, Respondent.

DEED—DELIVERY—PRESUMPTION.—A deed which was signed, acknowledged, and recorded on the day of its date, and produced in evidence by the grantee, carries with it the presumption that it was delivered on that day.

ID.—ACTION TO QUIET TITLE—DEED TO PLAINTIFF—VERIFIED ADMISSION —TRUST ALLEGED—PROOF—FINDING AGAINST EVIDENCE.—In an action to quiet title, in which the verified answer and cross-complaint of the defendant alleged title in the plaintiff by deed from defendant's brother, and claimed a trust of plaintiff for defend-

ant, a finding that neither party had any title or interest to be quieted, and that plaintiff was not the owner of the property, is against evidence, where the plaintiff proved a deed from the source of title alleged in the answer, carrying with it a presumption of delivery, and proved that he purchased and paid for the property, through an agent, thus showing title, *prima facie,* in himself, and where the defendant introduced no evidence, and failed to prove any interest in the property, or any trust therein, in any manner.

Id.—TITLE FROM COMMON SOURCE.—Where it appears by the verified answer that both parties claim title through a common source, the plaintiff need not prove title in his grantor.

APPEAL from a judgment of the Superior Court of San Joaquin County. Edward I. Jones, Judge.

The facts are stated in the opinion.

R. W. Dodge, and A. H. Carpenter, for Appellant.

Buck, Miller & Clark, and Louttit & Middlecoff, for Respondent.

COOPER, C.—This action was brought by plaintiff to quiet title to the lands described in the complaint.

The defendant, in her answer and cross-complaint, set forth that the plaintiff obtained title to the premises by virtue of a deed made and delivered by his brother, Stephen W. McGorray, in his lifetime; that the said deed was so made and delivered in trust for the benefit of said Stephen and his successors in interest; that the said Stephen died in March, 1898, and that defendant is his widow and successor in interest; that plaintiff claims an interest in said property adverse to defendant, which claim is without right or title. Judgment is asked, that defendant's title be quieted as against plaintiff.

The case was tried before the court, findings filed, and, as conclusions of law from the findings, the court found: "That neither plaintiff nor defendant Kate McGorray have any right, title, or interest in said property to be quieted."

Judgment was accordingly entered that neither party was entitled to any relief as against the other, as to the premises, and that defendant recover her costs. The defendant has not appealed, and this appeal is by plaintiff from that part of the judgment denying him the relief prayed for and adjudging

that he is not the owner of the said premises. The judgment-roll is accompanied by a bill of exceptions.

The court found that the plaintiff is not now, and never was, the owner in fee or otherwise of the premises. This finding is not supported by, and is contrary to, the evidence.

Plaintiff introduced and read in evidence the record of a deed dated December 29, 1891, made by Stephen W. McGorray to plaintiff, describing the lands as described in the complaint, which deed was signed, acknowledged, and recorded the day of its date. No objection was made to the deed or the record thereof being read in evidence. It was admissible in evidence. (Code Civ. Proc., sec. 1951.) It carried with it the presumption that it was delivered on the day of its date. (Civ. Code, sec. 1055; *Gordon* v. *City of San Diego,* 108 Cal. 268; *Ward* v. *Dougherty,* 75 Cal. 243.[1])

Plaintiff testified that he furnished the money to buy the property. The witness Carpenter testified that he drew the deed; that he was acting for plaintiff, and took the deed and had it recorded. This evidence is absolutely without conflict and shows the title, *prima facie,* to be in plaintiff.

The defendant offered no evidence tending to show title in herself, nor that the property was held in trust in any manner. It was not necessary for plaintiff to show title in his grantor at the time the deed was made and delivered. It appears, by the verified answer of defendant, that she and the plaintiff claim title from the same common source. In such case it is not necessary to prove title in the grantor. (2 Greenleaf on Evidence, sec. 307; *Frink* v. *Roe,* 70 Cal. 305; *Rego* v. *Van Pelt,* 65 Cal. 255.)

It is advised that the judgment be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.        Van Dyke, J., Henshaw, J., Garoutte, J.

Hearing in Bank denied.

[1] 7 Am. St. Rep. 151.