[L. A. No. 3216. Department Two.—March 7, 1914.]

## R. A. PHILLIPS and H. A. HULL, Respondent, v. C. MENOTTI, Appellant.

QUIETING TITLE—BOTH PARTIES CLAIMING UNDER COMMON SOURCE—DEED FROM COMMON GRANTOR — PRIMA FACIE EVIDENCE OF DELIVERY.—In an action to quiet title to land, to which both parties claimed title from a common source, the plaintiff, in support of his case, may offer in evidence a deed to himself from the common grantor, without proof of possession, or further proof as to title in him. The production and offer of such deed at the trial was *prima facie* sufficient evidence of its delivery.

ID.—CLAIMANT NOT IN POSSESSION.—In this state, an action to quiet title may be maintained by a claimant not in possession.

ID.—VENDOR AND VENDEE—SPECIFIC PERFORMANCE—PENDENCY OF ACTION NOT NOTICE TO SUBSEQUENT GRANTEE.—The pendency of an action instituted by a vendee under an executory contract for the sale of land for the specific performance of the contract, is not sufficient to charge a subsequent grantee of the land with notice of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. H. C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

Anderson & Anderson, for Appellant.

Thorpe & Hanna, for Respondents.

HENSHAW, J.—Plaintiffs sued to quiet title, alleging that they were owners as tenants in common and entitled to the possession of a lot of land in the city of Venice, county of Los Angeles. The defendant Menotti answered by denial, and for his claim of title asserted that on the twenty-fourth day of May, 1911, one P. H. Fitzgerald was the owner of the property in fee simple; that on that date, through his agent, Fitzgerald entered into a contract to sell the property to defendant and defendant agreed to pay Fitzgerald the purchase price "upon delivery by said Fitzgerald to this defendant of a certificate of title showing said property to be free and clear of all encumbrances and the execution by the said Fitzgerald to this defendant of a good and sufficient deed thereto." He further averred his ability and willingness to perform the contract and the fact that he had brought an action in the superior court of the county of Los Angeles against Fitzgerald to compel the specific performance of his contract. Upon trial a deed of grant to the land in question from Fitzgerald to these plaintiffs was offered in evidence and over objection admitted.

Upon this appeal the sole proposition advanced is that the deed from Fitzgerald to these plaintiffs was improperly admitted in evidence, since evidence of a deed from a third person to plaintiffs without proof of possession in the grantor, or further proof as to title in him, is not competent evidence to establish title. (*Glos* v. *Miller*, 213 Ill. 22, [72 N. E. 714]; *Malliat* v. *Voegel*, 125 Mich. 391, [84 N. W. 279]; *Denver* v. *Cornwell*, 10 N. D. 123, [86 N. W. 227].) These cases have no applicability to the facts presented by the present controversy. Here both parties claim title from a common source— Fitzgerald. The answer indeed alleges that in May, 1911, Fitzgerald was the owner in fee, and the deed introduced in evidence discloses that it was executed by him in September, 1911. It is of course well settled in this state that an action to quiet title may be maintained by a claimant not in possession. (*Reiner* v. *Schreeder*, 146 Cal. 411, [80 Pac. 517]; *Brusie* v. *Gates*, 80 Cal. 462, [22 Pac. 274].) Where both

parties claim title from a common source it is sufficient to show a conveyance of title from that source without further establishing that the grantor himself had title. (*Spect* v. *Gregg*, 51 Cal. 198; *Frink* v. *Roe*, 70 Cal. 305, [11 Pac. 820]; *McGorray* v. *Robinson*, 135 Cal. 313, [67 Pac. 279]; 2 Greenleaf on Evidence, sec. 307.) The production and offer of the deed at the trial was *prima facie* sufficient evidence of its delivery. (*Branson* v. *Caruthers*, 49 Cal. 374; *Ward* v. *Dougherty*, 75 Cal. 240, [7 Am. St. Rep. 151, 17 Pac. 193].) We have, then, an answer asserting that Fitzgerald, before his deed to plaintiffs, had entered into an executory contract of sale with defendant. It is not alleged that plaintiffs had notice of this contract, actual or constructive. They were in no equitable sense therefore bound by it or its terms. The pendency of an action for specific performance against Fitzgerald could not therefore operate to impair the title which plaintiffs under these circumstances took. Defendant in this case (plaintiff in that) would necessarily fail to secure the relief of specific performance and could be reimbursed only in damages.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.