[Civ. No. 3648. First Appellate District, Division One.—December 14, 1920.]

GEORGE SNEARLY et al., Respondents, v. McCLELLAN B. HIESTAND et al., Appellants.

[1] QUIETING TITLE—POSSESSION BY OWNER UNNECESSARY.—It is not necessary, in order to maintain an action to quiet title, that an owner should be in possession.

[2] FINDINGS—ULTIMATE FACT—WHEN OVERCOME BY FINDING OF PROBATIVE FACTS.—The finding of an ultimate fact cannot be overcome by a finding of probative facts unless it clearly appears that the finding of the ultimate fact is entirely based on probative facts which are destructive of the former, or where it appears that the trial court made the finding of the ultimate fact as a conclusion from the particular facts found.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. J. O'Brien for Appellants.

Eden & Koepsel for Respondents.

KERRIGAN, J.—This action was brought by plaintiffs to quiet title to the land described in the complaint. Defendants in their amended answer allege that the parties entered into an agreement, by the terms of which plaintiffs agreed to sell and defendants to purchase the property here involved for the sum of $2,400, payable as follows: One hundred and twenty-five dollars upon the execu-

tion of the agreement, and fifty dollars thereafter monthly until the full sum of $900 was paid, and the assumption by defendants of a mortgage upon the property amounting to the sum of $1,500; that the defendants further agreed to pay all taxes assessed against the property and the interest on the mortgage from the date of the same. The agreement provided that time was of the essence of the contract, and in the event of failure to comply with its terms the plaintiffs would be released from all duty to convey, and defendants should forfeit all right to any sums of money paid thereunder.

The answer further alleged the payment by defendants of four different installments amounting to the sum of $350, together with the dates of payment, and a statement of certain amounts paid by defendants to plaintiffs to apply upon interest on the mortgage of $1,500. These payments were made at different dates between December, 1916, and April, 1918. They were seven in number, and aggregated the sum of $165. Possession in defendants was also alleged, and it was recited in the answer that none of the payments to apply on the principal sum due under the agreement were made when due; and that by the acceptance of such payments when overdue plaintiffs waived the condition in the agreement that time was of the essence thereof. By other recitals the defendants claimed that under the agreement final payment became due on the eleventh day of March, 1918, and that plaintiffs had not tendered to defendants any deed to the property or a certificate of title as provided for in their agreement.

The cause was tried, and judgment went for plaintiffs. A motion for a new trial was made and denied. The case is here appealed on the judgment-roll alone.

Defendants rely for reversal upon the sole ground of uncertainty and inconsistency in the findings. In this behalf it is first claimed that the findings are inconsistent for the reason that in one portion thereof the court recites that plaintiffs were in possession and in another part that defendants were in possession of the property. Conceding this to be true, it can avail appellants nothing, for the finding upon the question is immaterial. [1] It is not now necessary in order to maintain an action to quiet title that an owner should be in possession. (*Reiner* v.

*Schneider,* 146 Cal. 411, [80 Pac. 517]; *Phillips* v. *Menotti,* 167 Cal. 328, [139 Pac. 796].)

Again, it is claimed that the findings are inconsistent on the question of ownership. The record does not support this contention. Upon this question the court made a specific finding as follows: "That plaintiffs in the above-entitled action are now and for a long time prior hereto have been the owners . . . ," etc., and further, "that the defendants have not any estate, right, title or interest whatever in or to said premises or any portion thereof," and again, "the court further finds that the plaintiffs above named are the owners of the said premises." The findings further show the existence of the agreement, the amount of payments made thereunder, together with the dates when made, the default of the defendants under the contract, and a recital that plaintiffs had not waived the conditions as set forth in the agreement by accepting payments after the same had become due, and that plaintiffs had not tendered a deed and the certificate of title provided for upon final payment. Appellant insists for this reason that the findings are contradictory and self-destructive in that they clearly show that every payment upon the principal sum having been made subsequent to its due date, plaintiffs waived the condition that time was of the essence of the contract, and that the right of forfeiture provided for could only be restored by giving a definite and specific notice of adherence thereto, and the findings not showing that such notice had been given, that they clearly show a waiver of this condition. It is further claimed that the finding that plaintiffs had not tendered a deed is fatal to respondents' case. We are cited to *Stevenson* v. *Joy,* 164 Cal. 279, [128 Pac. 751], and *Boone* v. *Templeton,* 158 Cal. 297, [139 Am. St. Rep. 126, 110 Pac. 947], as supporting appellants' contention. These cases lay down certain principles concerning the relative rights and duties of vendors and purchasers under installment contracts relating to the sale of land, but with which we are not concerned on this appeal. As above indicated, the findings show plaintiffs to be the owners of the land, and that defendants have no interest therein. These are findings of ultimate facts based on evidence produced at the trial, and they cannot be overcome by

the probative facts found by the court. The case is here on the judgment-roll alone. The findings must be construed so as to uphold the judgment. In the absence of a bill of exceptions, or the evidence, this court is unable to say what facts were proven at the trial upon which the ultimate findings of fact are based. [2] The finding of an ultimate fact cannot be overcome by a finding of probative facts unless it clearly appears that the finding of the ultimate fact is entirely based on probative facts which are destructive of the former, or where it appears that the trial court made the finding of the ultimate fact as a conclusion from the particular facts found. (*Gold* v. *Eaton,* 111 Cal. 639, [52 Am. St. Rep. 201, 44 Pac. 319].) Here there is nothing to show that the probative facts found are the only facts proven at the trial. If such were the case appellants should have presented a bill of exceptions so that we might examine the evidence. The record before us throws no light upon the subject, nor does it limit the effect of the ultimate facts found, every intendment being in favor of the judgment. (*Estate of Hill,* 167 Cal. 59, [138 Pac. 690].)

For the reasons given the judgment is affirmed.

Richards, J., and Seawell, P. J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1921.

Shaw, J., Lawlor, J., Wilbur, J., Lennon, J., Olney, J., and Sloane, J., concurred.