[Civ. No. 2280.    Third Appellate District.—May 10, 1921.]

## C. B. JEFFERS, Administrator, etc., Respondent, v. NETTIE M. HULEN, etc., Appellant.

[1] DEED—MORTGAGE — SUFFICIENCY OF EVIDENCE. — In this action to quiet title involving the legal effect of an instrument in the form of an ordinary grant, bargain, and sale deed executed and delivered by plaintiff's intestate to defendant, the finding that the instrument was intended as a mortgage finds sufficient support in the evidence.

[2] ID.—STATEMENT UPON DELIVERY — TESTAMENTARY DISPOSITION. — The statement of a grantor accompanying the delivery of a deed that the grantee was to have the property if "anything happened" to the grantor indicates that a present transfer was not intended, but rather a testamentary disposition.

[3] ID.—ACTION TO DECLARE DEED A MORTGAGE—TENDER OF DEBT.— In an action to have a deed declared to be a mortgage, it is not incumbent upon the plaintiff to pay, or offer to pay, the amount of the mortgage debt before commencing suit, where the mortgagee is in possession and has received the rents and profits, since an accounting must be had before the amount due can be ascertained.

[4] ID.—EXPENDITURES FOR TAXES AND IMPROVEMENTS—BURDEN OF PROOF.—It is incumbent on the defendant in such an action to show the amounts expended for taxes and improvements.

[5] QUIETING TITLE — CLAIM UNDER COMMON SOURCE — EVIDENCE. — Where both parties claim under a common source of title, it is not necessary for either to go back of such source in the proof.

---

1. Whether deed absolute on its face, but intended as a mortgage, conveys the legal title, note, 11 L. R. A. (N. S.) 209.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge. Affirmed.

The facts are stated in the opinion of the court.

Terry W. Ward and F. W. Henderson for Appellant.

Edward Bickmore for Respondent.

FINCH, P. J.—Plaintiff, as administrator of the estate of W. C. Jeffers, deceased, brought this action against the defendant to quiet title to ten acres of land in the possession of the defendant. The complaint is in the usual form and the answer, in addition to the customary denials, alleges that the defendant is, and for more than ten years prior to the commencement of the action has been, the owner and in possession of the land. W. C. Jeffers on the tenth day of September, 1908, executed an instrument in the form of an ordinary grant, bargain, and sale deed, caused it to be recorded, and on the next day delivered it to defendant. On the same day she gave him $250 in the form of a check. At other times thereafter she gave him sums of money aggregating more than $100. The plaintiff claims and attempted to prove that the instrument, in form a deed, was intended as a mortgage to secure payment of the $250 advanced by the defendant. The defendant contends that such instrument was intended as a deed of gift. The plaintiff replies that, if intended as a gift, it was an attempt to make a testamentary disposition by deed contrary to law.

W. C. Jeffers was a brother of the plaintiff and the defendant. He retained control of the land in controversy after the transaction related until December, 1910, when he left for Mexico, where he died in 1911.

[1] The court found that the deed was intended as a mortgage. Is the finding supported by the evidence? A witness for the plaintiff testified that directly after the deed was made, the defendant said that W. C. Jeffers had borrowed $200 from her and had given the deed as security; that in 1913 she said, "I have got a deed to that ten acres and I can hold it but I won't do it"; that in 1915 she said that all she required was her money back.

Another witness testified that in 1912 the defendant said that all she wanted was her money back. Another witness stated that defendant said she did not want the place and she did not claim it, that all she expected "was to get her money back she had loaned" her brother.

The defendant testified that when W. C. Jeffers handed the deed to her he said, "Here is your deed," or something to that effect; that he said, "I don't want you to take a mortgage because I am going here and there and getting into trouble and want you to have this property if anything happens to me"; that he told her, "If I am riding on a freight train and get killed I want you to have my property"; "he told me he deeded the property to me in case anything happened he wanted me to have it." Another witness for the defendant testified that W. C. Jeffers said, "I made this deed over to Nettie so if anything goes wrong I want her to have it." The defendant further testified that "one time he asked sister and I why we didn't go up and paper my house, . . . then one time he asked me if I paid my taxes with reference to this place."

In 1912 the defendant's brother, Ben Jeffers, wrote her that he desired to rent the land in controversy for a period of five years, and in her reply she said, "as to five years that suits me too unless Cay [W. C. Jeffers] returns to claim it."

From the foregoing *résumé* it is quite clear that the court's finding that the instrument was intended as a mortgage finds sufficient support in the evidence.

[2] The defendant's contention that the instrument was intended as a deed of gift cannot be sustained, even when the fullest credence is given to her testimony. She was to have the property if "anything happened" to her brother. This indicates that a present transfer of title was not intended, but rather a testamentary disposition of the property. The instrument was ineffective for that purpose. (*Cox* v. *Schneer*, 172 Cal. 380, [156 Pac. 509].)

[3] The defendant contends that it was incumbent upon the plaintiff to pay, or offer to pay, the amount of the mortgage debt, with interest before commencing suit. In actions such as this, where the mortgagee has held possession and received the rents and profits, an accounting must be had, before the plaintiff can know how much to pay or offer. The court ascertained the sum due the defendant

and provided in the interlocutory judgment that the plaintiff should pay such amount within sixty days under penalty of dismissal on his failure so to do. The plaintiff paid the required sum within the sixty days and thereupon final judgment was entered. This procedure was in accordance with the usual practice in this state. (*Booth* v. *Hoskins*, 75 Cal. 271, [17 Pac. 225]; *De Cazara* v. *Orena,* 80 Cal. 132, [22 Pac. 74]; *Boyce* v. *Fisk,* 110 Cal. 107, [42 Pac. 473].) In determining the amount to be paid the defendant, the court allowed interest on the loan and deducted what was received as rental.

[4] The court did not allow the defendant anything for taxes paid or improvements made by her. The burden was on the defendant to show the amounts so expended and, failing to offer such proof, she is not in a position to complain. (*Wise* v. *Burton,* 73 Cal. 175, [14 Pac. 683]; *Carpentier* v. *Small,* 35 Cal. 355.)

[5] Appellant insists that the evidence does not show title in the estate of W. C. Jeffers.

It sufficiently appears that C. B. Jeffers deeded the land to W. C. Jeffers, and that the latter was in possession of the same when the instrument involved in this suit was executed. Appellant makes no claim of title other than that acquired from W. C. Jeffers. Where both parties claim under a common source of title, it is not necessary for either to go back of that common source in the proof. (*Ginaca* v. *Peterson,* 262 Fed. 904; *Phillips* v. *Menotti,* 167 Cal. 328, [139 Pac. 796].)

Appellant contends that she has established title by prescription. Her answer does not set up a prescriptive title but alleges merely ownership and possession for ten years. The testimony relative to the adverse character of her holding was conflicting, but there was ample evidence to show that it was not adverse. The court found against the allegation of ownership and such finding is conclusive on appeal. No complaint is made of the failure to find specifically upon the question of the prescriptive title claimed by the defendant, and none could well be made, because the finding is as specific as the allegations of the answer.

No error appearing, the interlocutory and the final judgments are affirmed.

Burnett, J., and Hart, J., concurred.