, [L. A. No. 8930. Department One.—December 24, 1927.]

LOUIS THIELE et al., Respondents, v. SECURITY TRUST & SAVINGS BANK, GUARANTEE BRANCH (a Corporation), Executor, etc., Appellant.

[1] Quieting Title—Pleading—Admissions—Title Through Common Grantor—Evidence.—In an action to quiet title to real property, where plaintiffs in their complaint in one count allege that defendant claims an interest in the property based in part upon a forged instrument purporting to have been executed by plaintiffs in favor of a certain party, and defendant denies that the claim is based upon a forged instrument executed by plaintiffs in favor of said party and denies that the deed from plaintiffs to said party was false, forged, or fraudulent, but there is no denial that defendant claims under a deed from plaintiffs to said party, defendant's denial, taken in connection with the allegations of plaintiffs' complaint, is in effect an admission that defendant claims under a deed from plaintiffs to said party and that said deed is a valid conveyance from plaintiffs, and as the pleadings show that defendant claims title through the plaintiffs, it is not necessary for plaintiffs to prove title in their grantor.

(1) 31 Cyc., p. 206, n. 61; 32 Cyc., p. 1369, n. 1.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Schweitzer & Hutton, H. F. Clary and B. R. Ware for Appellant.

Rosecrans & Emme for Respondents.

CURTIS, J.—Action to quiet title. The complaint is in the form usually employed in an action of that nature. In a second count, however, the plaintiffs alleged that defendant claims an interest in said real property under a deed purporting to have been executed by plaintiffs to one Hester Thompson, but that plaintiffs never executed said deed, and that said deed was false, fraudulent, and forged. Defendant

1.   See 22 Cal. Jur. 168; 5 R. C. L. 675.

by answer denied plaintiffs' ownership, admitted that defendant claims an interest in said real property, denied that it claimed under any forged deed and further alleged that it became the owner of said real property by virtue of a sheriff's deed issued in an action in the superior court of the county of Los Angeles, brought by said defendant against Hester Thompson for the foreclosure of a mortgage given by her to said defendant. Upon the trial the plaintiffs introduced a deed to the said real property from Strawberry Park Land Company in favor of said plaintiffs. They further testified that they never executed any deed to said real property in favor of Hester Thompson or any other person and that the purported deed from them to Hester Thompson was a forgery. The court made findings in favor of plaintiffs and entered judgment quieting their title to said real property.

The defendant has appealed, and the only point made for a reversal of the judgment is that the evidence fails to support the finding of the court that plaintiffs are the owners of said property. It is contended by appellant that in an action to quiet title the plaintiff must recover upon the strength of his own title and not on the weakness of the defendant's, and that in this action, admitting that there was evidence to support the finding that the deed to Hester Thompson was a forgery, and therefore defendant had no title to said real property, still there was an utter lack of any evidence to show plaintiffs to be the owners of said property. [1] In plaintiff's complaint they alleged that defendant claimed an interest in said property based in part upon a forged instrument purporting to have been executed by plaintiffs in favor of Hester Thompson. Defendant denied that its claim was based upon a forged instrument executed by plaintiffs in favor of Hester Thompson, and denied that the deed from plaintiffs to Hester Thompson was false, forged, or fraudulent. There was no denial that defendant claimed under a deed from plaintiffs to Hester Thompson. Defendant's denial, taken in connection with the allegations of plaintiffs' complaint, was in effect an admission that it claimed under a deed from plaintiffs to Hester Thompson, and that said deed was a valid conveyance from plaintiffs. If, therefore, defendant claimed under said deed it must

claim title to the property through the plaintiffs.   This being the case, it was not necessary for the plaintiffs to prove title in their grantor.   It is well settled in an action to quiet title that plaintiff need not prove title in his grantor when both parties claim title under a common source (*Phillips* v. *Menotti*, 167 Cal. 328 [139 Pac. 796]; *McGorray* v. *Robinson*, 135 Cal. 312 [67 Pac. 279]).   The rule applies with much greater force when the defendant claims title through the plaintiffs.

Judgment affirmed.

Preston, J., and Seawell, J., concurred.