[Civ. No. 6013. First Appellate District, Division One.—January 18, 1928.]

MARIE D. DENNING, etc., et al., Respondents, v. M. GREEN, Appellant.

Robert L. Levy and A. L. Pierovich for Appellant.

J. L. Smith for Respondents.

TYLER, P. J.—Action to quiet title. The complaint is in the usual form. A dismissal was entered as to defendants C. B. Murphy and Oak Peters and defendant Lillie F. Anderson filed a disclaimer. Issue was joined by defendant Green's amended answer and cross-complaint. Plaintiff claimed title through one Lucy J. Benjamin. Defendant and appellant Green claimed under a tax sale of the property at a time when it was assessed to Lucy J. Benjamin. At the trial plaintiffs offered this deed from Lucy J. Benjamin in evidence and rested. Defendant Green, for the purpose of defeating plaintiffs' title and quieting his claim as against them, thereupon offered in evidence a certain alleged deed from the tax collector of the county of Sonoma to one Lichtenberg and a quitclaim deed from Lichtenberg to himself. The admission of the deeds was objected to on the grounds: (1) That defendants' answer and cross-complaint failed to set forth that the proceedings leading up to the execution of the tax deed had been complied with; (2) That there was no foundation laid for the admission of the deed in that no deed to the state of California was offered showing the right of the tax collector to make the deed and the deed itself contained no such recital. Certain other objections were made against the reception of the deeds in evidence. The deeds were admitted subject to the objections. At the conclusion of the trial the court, among other facts, found that Lucy J. Benjamin, a widow, was, on the twenty-third day of November, 1910, the owner in fee simple absolute of the real property in question and that while such owner she conveyed to the plaintiffs as joint tenants her interest therein subject to a life estate reserved in herself. That thereafter she died and plaintiffs thereupon became and ever since have been and still are the owners of the property as joint tenants with the right of survivorship as recited in the deed of Lucy J. Benjamin. It further found that no deed by the tax collector of the county of Sonoma was ever made to the state of California of the property described in the action, at the expiration of five years after a purported sale to the state for nonpayment of state and county taxes for the year 1916. That prior to the purported sale of the property by the tax collector to Lichtenberg neither the tax collector nor anyone

on his behalf ever mailed a copy of the delinquent list or notice of sale of the property to the state, nor to the party to whom the property was last assessed at his last known place of address; that the property was so assessed to Lucy J. Benjamin. Additional findings are to the effect that plaintiffs did in open court offer to pay to defendant Green the full amount of all taxes, penalties, and costs paid out and expended by J. Lichtenberg in pursuit of the state's title to the property sold, less the amounts of rents collected from said property by said defendant, under and by virtue of the purported sale by the state to Lichtenberg, but that defendant Green refused to accept the same. As conclusions of law the court determined that plaintiffs· were entitled to possession of the property and to a decree quieting their title thereto as against the defendant Green and judgment was entered accordingly. Defendant Green appeals from the judgment. He claims that it is against law and that the evidence is insufficient to support it or the findings of the court for the reasons: (1) That plaintiffs failed to prove any title in themselves or in their grantor Lucy J. Benjamin; (2) That there is no proof that the plaintiffs or their grantor were in possession of the property; (3) That plaintiffs must prove title in themselves and, failing to do so, cannot be affected by defendant's adverse claim; (4) That, even conceding respondents to have proved their title, the judgment herein is defective for the reason that it does not require, as a condition precedent to the quieting of plaintiffs' title, the payment by the plaintiffs to the defendant of the amount of the assessment, penalties, and costs and the legal rate of interest thereon, without which such judgment and decree cannot be given. ■ The evidence as above recited shows that both plaintiffs and defendant acquired their title from Lucy J. Benjamin, for the deed offered by defendant in evidence recites that the property was assessed to Lucy J. Benjamin in 1916 and was sold to J. Lichtenberg for nonpayment of taxes for that year. Hence, the record shows that defendant claims by virtue of a *quasi* conveyance from Lucy J. Benjamin because of the nonpayment of her taxes. Both parties therefore claim under a common source of title. Under these circumstances it was sufficient for plaintiff to show a conveyance of title

from that source without further establishing that the grantor herself had title. (*McCorray* v. *Robinson*, 135 Cal. 312 [67 Pac. 279]; *Phillips* v. *Menotti*, 167 Cal. 328 [139 Pac. 796]; *Rockey* v. *Vieux*, 179 Cal. 681 [178 Pac. 712]; *Jeffers* v. *Hulen*, 52 Cal. App. 590 [199 Pac. 350].) ▮ Nor was it necessary for plaintiffs to prove possession in order to maintain their action. Such a proceeding may be maintained by a claimant not in possession. (*Phillips* v. *Menotti, supra.*) Moreover, by its findings the court determined that defendant was never in possession. ▮ Equally without merit is the claim that the judgment should have been made conditional on the repayment by plaintiffs to the defendant of all taxes, penalties, and costs paid for by him in pursuit of his title. The record shows that such tender was made in open court and refused by the defendant. The findings which are supported by the evidence further show that the defendant wrongfully collected the sum of $920 in rents from tenants occupying the property, and that he has ever since retained the same to his own use and benefit. They further show that the total sum paid by Lichtenberg in taxes, penalties, and costs, with interest, amounted to but the sum of $254.49. The defendant therefore already had an amount greatly in excess of that to which he was rightfully entitled. The findings, which are fully supported by the evidence, show that the requirements of the law with respect to the sale of property for nonpayment of taxes were never complied with in many particulars and the court was justified in concluding that the purported sale of the property to Lichtenberg was invalid and void, and that plaintiffs were entitled to a decree quieting their title.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 15, 1928.

All the Justices present concurred.