[Civ. No. 6339. First Appellate District, Division Two.—June 12, 1928.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Plaintiff, v. LIDA W. DARMS et al., Defendants; GRACE P. WARDEN, Appellant, v. EDITH WAKE DANZIGER, etc., Respondent.

J. Everett Brown for Appellant.

Montgomery, Stick, Moerdyke & Gibson for Respondent.

NOURSE, J.—Plaintiff sued to condemn certain land for public purposes, a portion of which was claimed by defendants Warden and Danziger, the former as a purchaser of a bond which was a lien for public improvements, and the latter as owner by mesne conveyances. Judgment was in favor of the city and, among other things, awarded damages for the taking of the land claimed by these two defendants in the sum of $353; damages to remainder of parcel by said taking $94; and damages to improvements on the parcel $252. By stipulation of counsel the issue as to the ownership of the land was specially set for trial and special findings and judgment were made and entered quieting the title to this parcel in defendant Danziger, subject to a lien thereon in favor of defendant Warden in the sum of $95.38. The defendant Warden has appealed on a typewritten record.

In her opening brief she advances two grounds for a reversal: That the court was without jurisdiction to try the issue of title to the entire parcel in a condemnation suit, and, that the evidence does not support the finding that the party upon whom appellant served notice of sale was not the occupant of the premises.

The first point is scarcely open to discussion on this appeal. Though the complaint of the city sought to condemn but a small portion of lot 4 (the property here in controversy), both appellant and defendant filed their answers, claiming ownership to the entire parcel. Under the evidence it became necessary for the court to determine these conflicting claims because it was found that damages should

be allowed to the entire parcel for the portion taken. The jurisdiction of the court to hear and determine such conflicting claims is found in section 1247 of the Code of Civil Procedure. (*City of Los Angeles* v. *Pomeroy,* 124 Cal. 597, 609 [57 Pac. 585].) The fact that neither party filed a cross-complaint, or a traverse to the pleading of the other, is of no moment, as they stipulated before the hearing that the issue could be tried on the pleadings as they stood.

Where a cause is tried without objection to the sufficiency of the pleadings, both parties assuming that the issues have been properly pleaded, the judgment will not be reversed because of a defect in pleading alone, unless the error complained of is found to have resulted in a miscarriage of justice (*Etienne* v. *Kendall,* 202 Cal. 251 [259 Pac. 752]).

The trial court found that the party upon whom appellant served notice of sale was not an occupant of the premises in dispute. The evidence is that the house rented to this party was located on an adjoining lot, that, though under a prior lease a garage located on lot 4 was rented with this house, this was not done when the house was rented on this occasion, but that the party served exercised no right of possession or occupancy of this garage or any portion of the parcel in dispute. The property being unoccupied at the time, the statute under which the bond was issued (Deering's Gen. Laws, p. 8208, sec. 5, subd. j) required that the notice be posted on the premises. This was not done. As appellant claimed solely through a deed issued under this statute, her failure to comply with these provisions resulted in a finding that she had no title.

In her final brief appellant has raised for the first time the point that the judgment should have required respondent to reimburse appellant for her outlay in the purchase of the bond and that respondent's pleading is defective in that it fails to show a tender of this amount. This pleading was filed long before appellant's deed was recorded and if appellant was entitled to any reimbursement she should have raised the issue in the trial court. The point is not supported by the citation of any evidence showing what appellant expended or that she had not been repaid and we are not required to search for error in the

typewritten record, particularly in support of a point which is first raised in appellant's closing brief.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.