[Civ. No. 3771.   Third Appellate District.—June 12, 1929.]

WILLARD GEORGE HOTEL COMPANY, INCORPO-
RATED (a Corporation), Respondent, v. GRACE P.
WARDEN, Appellant.

J. Everett Brown for Appellant.

George D. Blair for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment quieting title and canceling a tax deed.

The respondent is a hotel corporation. It owned lots 8 and 9 of James Townsend's subdivision of Los Angeles,

according to the map thereof which was recorded in book 30, page 53, of miscellaneous records. April 21, 1923, this property was sold for delinquent street assessments to the appellant Grace P. Warden by the city superintendent for the sum of $111.74, pursuant to the Street Improvement Act of California. (Stats. 1903, p. 376; Act 8198, Deering's Gen. Laws, 1923.)

May 17, 1924, upon appellant's demand, tax deeds to these lots were executed and . delivered to the purchaser by the city engineer and superintendent of streets. The respondent was an active hotel corporation, whose articles of incorporation were on file in the county clerk's office. It was the record holder of the lots in question. A street assessment for the sum of $22.83 against each of these lots became delinquent. Without personal service or knowledge on the part of respondent, these lots were sold and conveyed to the appellant. The certificate of sale and notice of purchase were fatally defective. There was a lack of due diligence on the part of appellant in locating or notifying the owner. Upon trial the court quieted title in the plaintiff subject to the repayment to appellant of the assessments paid by her, together with interest and penalties amounting to the sum of $111.74, and thereupon canceled the tax deeds as void.

The appellant contends that the findings and judgment are not supported by the evidence; that the respondent, who offered in evidence the tax deeds at the trial on examination of the appellant under section 2055 of the Code of Civil Procedure, is bound thereby, and that the conditional payment of $111.74 does not include interest and penalties provided for by law.

The evidence shows that the respondent was the record holder of the title to the lots in question, and that the deed of conveyance from its grantors, Philip R. and Helen W. Johnson, was duly executed January 24, 1923, and recorded prior to the levy, assessment or sale of said lots to appellant for delinquent street assessments. This deed was introduced in evidence, and the respondent's record title was not further established. The record also shows that the appellant's only claim of title is based upon the tax title deeds executed to her by the superintendent of streets on May 17, 1924, pursuant to the provisions of section 28 of the California Street Improvement Act, *supra*.

■ It is true that the respondent may not rely upon the weakness of appellant's title, but upon the contrary must affirmatively establish its own chain of title, except that when both parties claim title through a common source, it is unnecessary for either to prove the chain of title. (22 Cal. Jur. 167, sec. 42; 5 R. C. L. 675, sec. 48.) ■ In the present case the appellant may not complain of respondent's failure to prove its chain of title. All the title that the appellant possessed was derived solely from the street superintendent's tax deed for delinquent street assessments levied against the property standing of record in the name of the respondent. The respondent's deed was *prima facie* evidence that the grantee therein named was the owner and in possession of the property. (22 Cal. Jur. 170, sec. 44.) The appellant never held possession of the lots. Under such circumstances it was unnecessary for the respondent to further prove its chain of title. A similar situation existed in the case of *Denning* v. *Green*, 88 Cal. App. 379 [263 Pac. 819], which seems to be decisive of this case upon that point. In the Denning case the evidence showed that the appellant secured the tax title deed upon which he relied by the payment of delinquent taxes which were assessed to Lucy J. Benjamin in 1916, and that the property was sold for nonpayment of these taxes. The court there says: "Hence the record shows that the defendant claims by virtue of a *quasi*-conveyance from Lucy J. Benjamin because of the non-payment of her taxes. Both parties therefore claim under a common source of title. Under these circumstances it was sufficient for the plaintiff to show a conveyance of title from that source without further establishing that the grantor herself had title."

In the present case there is better reason for adhering to the foregoing rule announced in the Denning case, for this appellant's sole claim of title depends upon the respondent's own default in the payment of street assessments, it being the record owner of the property, while in the Denning case the tax deed rested upon the default to pay taxes by a former record owner of the property. Applying the principle announced in the Denning case, *supra*, it may be said that the appellant here necessarily bases his claim upon respondent's title deed, under which circumstances it is unnecessary for respondent to have proved its chain of title. (*Strange*

v. *Strange,* 23 Cal. App. 281 [137 Pac. 1104]; *Thiele* v. *Security & Sav. Bank,* 202 Cal. 758 [262 Pac. 308].)

The reception of appellant's tax deeds was merely *prima facie* evidence of the matters therein recited, regardless of the fact that the deeds were offered by the respondent while the appellant was being examined as a witness under the provisions of section 2055 of the Code of Civil Procedure. The invalidity of these tax deeds was specifically made an issue by the pleadings. Section 29 of the Street Improvement Act, *supra,* provides: "The deed of the Street Superintendent shall be *prima facie* evidence of the truth of all the matters recited therein, and of the regularity of all proceedings prior to the execution thereof, and of title in the grantee."

These presumptions as to the regularity of the proceedings leading to the execution of the deeds are certainly subject to rebuttal. (26 R. C. L. 424, sec. 382.) It would be a harsh rule of evidence, and violative of section $4\frac{1}{2}$ of article VI of the Constitution, which would preclude the owner of valuable property from showing the invalidity of proceedings by means of which he is deemed to have forfeited his land for the mere failure to pay a street assessment of comparatively insignificant amount. This would be neither justice nor equity. Equity will critically scrutinize proceedings which tend to result in a forfeiture. Forfeitures are not favored. In the case of *Numitor Gold Min. Co.* v. *Katzer,* 83 Cal. App. 161, 171 [256 Pac. 464, 468], it is said: "For generations the theory of the law has been that the purchaser of a tax title is a mere speculator who, owing to misfortune or carelessness of the owner, has become possessed of a desirable property for an infinitesimal proportion of its actual value."

So far as the regularity of the proceedings is concerned which led to the execution of the tax deeds, the doctrine of *caveat emptor* applies to the purchaser. (4 Cooley on Taxation, 4th ed., p. 3045, sec. 1553.)

The deeds of conveyance from the superintendent to the appellant were void for lack of service of the notice required by statute to be made upon the owner of the property as a prerequisite to the execution of the deeds, and because the superintendent's certificates of sale of the lots were defective. In 3 Cooley on Taxation, Fourth Edition,

page 2791, section 1409 et seq., it is said: "The absence of the notice renders the sale void. This is one of the most important of all safeguards that have been deemed necessary to protect the interests of persons taxed, and nothing can be substituted for it, or excuse the failure to give it. . . . A sale without notice to one whose name appears on the records is void against him. . . . Whatever the provision (of law) is, it must be complied with strictly, since all such provisions are mandatory. . . . A notice is bad . . . if it fails to give the name of the person taxed, when the statute requires it."

The respondent was a corporation duly organized under the laws of California. As the owner of real property in Los Angeles County it was required by the provisions of section 299 of the Civil Code to file a copy of its articles of incorporation in the office of the county clerk of that county. These articles contained the name of the corporation, the location of its principal place of business and the names and residences of the directors who were chosen for the first year. (Sec. 290, Civ. Code.) Section 26 of the Street Improvement Act above mentioned requires the superintendent of streets after publication of the delinquent list and sale of property, to execute in duplicate certificates of sales of property "setting forth the description of the property sold, the name of the owner thereof, as given on the assessment roll," etc., one copy of which must be filed in his office and the other delivered to the purchaser. Section 28 of this statute also requires the purchaser, at least thirty days prior to his application for a deed, to "serve upon the owner of the property, and upon the occupant of the said property, if the same is occupied, a written notice setting forth the description," etc. If the owner cannot be found after due diligence, an affidavit to this effect must be filed with the superintendent of streets, and a copy of this notice must be posted on the premises involved in the sale. In compliance with this statute, C. D. Warden filed this affidavit in behalf of the appellant, the material portions of which are in the following language:

"That he did as such agent make inquiry at the Assessor's office of the County of Los Angeles at his office in the City of Los Angeles for the name of the person owning or to whom the property was assessed described in the attached

Notice to Redeem, and was informed that said property was assessed to Willard George Hotel Co.

"That affiant searched the city directory and telephone .directory of the cities of Pasadena and Los Angeles, California, seeking to find the said Willard George Hotel Co. and affiant found in the telephone directory of the City of Los Angeles the address given of said Willard George Hotel Co. as 705 West Seventh Street in said City of Los Angeles and that affiant did go to said address as above given and inquired for the Willard George Hotel Co. but was informed by the clerk on duty that the hotel at said place had changed hands and that the Willard George Hotel Co. or any person representing them had departed from said place and their address or whereabouts were unknown.

"That affiant inquired of Mrs. S. Contino, who lives directly across the street from the property described in said Notice to Redeem, and from Mrs. Florence Abajen, who lives in the first house directly to the east of the property described in said Notice to Redeem, seeking to ascertain the address or whereabouts of the owner of the property described in said Notice to Redeem, but was informed by said Mrs. Contino and Mrs. Florence Abajen that they did not know the name or address or whereabouts of the said owner described in said Notice to Redeem."

It will be observed that the efforts of the appellant to locate the owner of the property, as disclosed by this affidavit, falls far short of the exercise of due diligence. In spite of the fact that appellant was informed by the assessor that these lots were assessed in the name of "Willard George Hotel Company," no inquiry was made of the county clerk for the names or location of either the corporation or any of its officers. Service upon a corporation can only be made by notice to the officers named in section 411 of the Code of Civil Procedure, and yet no inquiry was made to ascertain the names or residences of any such officers. No date is given when the appellant claims to have inquired from certain named individuals, or when she examined the city directory. ■ In spite of the fact that the statute requires the superintendent to give the name of the owner in his certificate of sale, and that the appellant was evidently furnished the name of the owner by the assessor, the superintendent certifies that the name of the owner was "unknown." In

the notice of application for her deed, which was posted on the premises, the name of no owner was mentioned. The only reference to the owner is found in the caption of this notice, as follows: "To the owners of the property herein-. after described, and to the occupants of such property." As a matter of fact, the owners were ignorant of the fact that their property had been sold for delinquent street assessments. A strict construction of the statute is required. (37 Cyc. 1479, sec. 5.) Both the certificates of sale and the notice of application for deeds were therefore fatally defective. (26 R. C. L. 409, sec. 367; 3 Cooley on Taxation, p.·2791, sec. 1409 et seq.)

     Finally, the appellant contends that the decree is erroneous because it fails to allow her the penalties and interest upon the amount which she paid. It appears, however, that each lot was sold for delinquent street assessment amounting only to $22.83. Adding the penalty and interest provided by law, the aggregate sum would still amount to less than the sum of $111.74, which was allowed by the court. Moreover, with reference to the repayment of the taxes, penalties and interest which were due to the appellant, the respondent's attorney tendered the money in open court. He said: "We offer to pay it in court at this time." This offer was not accepted. In the case of *Denning* v. *Green, supra,* it is said:

"Equally without merit is the claim that the judgment should have been made conditional on the repayment by plaintiffs to the defendant of all taxes, penalties and costs. . . . The record shows that such tender was made in open court and refused by the defendant."

· The judgment is affirmed.

· Plummer, J., and Finch, P. J., concurred.