[Civ. No. 6264. Second Appellate District, Division Two.—December 9, 1929.]

WALTER B. SIM, Respondent, v. C. M. PETERSON, Appellant.

J. Everett Brown for Appellant.

Samuel J. Crawford and Joseph Hansen for Respondent.

CRAIG, Acting P. J.—Certain uncontroverted facts may be stated in this case. It appears that on May 5, 1910, John F. Brachman and wife conveyed to Walter B. Sim and Alexander Sim lot 16 of the Euclid Avenue Tract, in the city of Long Beach, and that on November 13, 1911, the latter conveyed to said Walter B. Sim his undivided one-half interest therein. On December 5, 1924, the lot was sold for delinquent street improvement assessments; on November 23, 1925, one C. D. Warden made affidavit that he had made inquiry of the county assessor, and of one of Sim's adjoining owners, and had searched the current directories of the city of Long Beach, but was unable to ascertain his address or whereabouts, and that he posted upon said lot a notice to redeem. On December 30, 1925, the director of public service conveyed the property to C. M. Peterson. Walter B. Sim instituted this proceeding to quiet title as against Mrs. Peterson, and was awarded a decree, from which she appealed.

From the testimony and documentary evidence it appears that plaintiff's name and address at the time of the alleged search and making of the affidavit mentioned were matters of general public record. They were to be found upon the records of the assessor and of the tax collector of the city of Long Beach and of the tax collector and tax assessor of Los Angeles County, and in the telephone directory of the city of Los Angeles. Warden admitted that he merely inquired of a clerk at the counter in the assessor's office for the name of the owner, but was unable to testify that he asked for the address or referred

to the records for this information. Receipted tax bills for the years 1920 to 1925, both inclusive, bearing respondent's name and address, were introduced in evidence. The affidavit of Warden merely recited that the lot in question was vacant and unoccupied, that he searched the Long Beach city and telephone directories, inquired of a person residing upon an adjoining lot as to Sim's whereabouts, and did "not know of any other place or person of whom to make inquiry." The evidentiary foundation requisite to a valid conveyance must fully measure up to statutory requirements. There is here an absence of proof of the exercise of due diligence required in such cases, and the trial court was right in holding that consequently the owner cannot be deprived of his property. (*Hennessy* v. *Hall,* 14 Cal. App. 759 [113 Pac. 350].)

█ Appellant asserts that the want of showing of actual possession or of derivation of title from an owner in possession requires that the judgment be reversed. The maintenance of title to vacant realty is not dependent upon proof of actual and notorious possession. (*Denning* v. *Green,* 88 Cal. App. 379 [263 Pac. 819].)

█ It is strenuously insisted that respondent having failed to establish the fact last mentioned, or to offer proof of title by grant from the state, the rule requiring that he rely upon the strength of his own, rather than upon the weakness of his adversary's title, precludes a recovery in this case, and that the judgment for that reason should not be sustained. However, the plaintiff having proved legal title by purchase and its maintenance in all respects except as to the assessment in controversy, established ownership subject to a lien followed by a questionable sale. The burden shifted to the defendant upon the appearance of defects in the proceedings upon which his *prima facie* title was dependent. (*Parsons* v. *Weis,* 144 Cal. 410 [77 Pac. 1007]; *Stoddart* v. *Burge,* 53 Cal. 394.) Any such rule must necessarily presume the existence of facts which are by statute made indispensable to its assertion, and is not available to one whose own showing corroborates evidence strongly tending to indicate their nonexistence.

The decree of the trial court is affirmed.

Thompson (Ira F.), J., and Burnell, J., *pro tem.,* concurred.