[Civ. No. 4448. Third Appellate District.—December 24, 1931.]

GOLDIE B. LANGSTAFF, Plaintiff; JAMESON PETRO-
LEUM COMPANY (a Corporation), Respondent, v.
A. R. MITCHELL, Appellant.

Frazier McIntosh for Appellant.

McAdoo, Neblett, O'Connor & Clagett, Black, Hammack & Black, Thomas W. Bewley and Wm. H. Neblett for Respondent.

JAMESON, J., *pro tem.*—This is an action to quiet title to certain lots upon which plaintiff Jameson Petroleum Company claims to have an oil and gas lease. Defendant denies the existence of said lease and by way of affirmative defense alleges that he is the owner of said lots under and by virtue of a tax deed executed to him by the tax collector of Los Angeles County.

Goldie Langstaff was joined as a plaintiff in the original complaint, but plaintiff Jameson Petroleum Company filed an amended complaint, in which the said Langstaff did not join as a party plaintiff. Judgment was rendered in favor of Jameson Petroleum Company and from this judgment defendant appeals.

Appellant claims that the amended complaint does not state facts sufficient to constitute a cause of action.

It is true that the first count merely alleges that for more than five years respondent has been in possession of a certain lot, describing it, under a valid lease, and does not set forth the date of the lease, the name of the lessor or its terms, but in the second count all of these things are specifically stated.

Appellant did not demur to the complaint, made no objection at the trial that the complaint did not state a cause of action, and raises this question for the first time on this appeal. ▉ The objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by failure to demur, but may be raised for the first time on appeal, but if the necessary facts appear by implication only, or as a conclusion of law it will be upheld. (*Tietke* v. *Forrest*, 64 Cal. App. 364 [221 Pac. 681].)

▉ Appellant answered, putting in issue the allegations of the amended complaint and the trial of the issues thus formed was had without objections to the sufficiency of the pleadings. The judgment will not be reversed because of a defect in pleading alone, unless the error complained of is found to have resulted in a miscarriage of justice. (*City of Los Angeles* v. *Darms*, 92 Cal. App. 501 [268 Pac. 487]; *Etienne* v. *Kendall*, 202 Cal. 251 [259 Pac. 752].) While the first count may have been subject to a demurrer for uncertainty, taken as a whole the amended complaint states a cause of action.

It appears that the main question to be determined on this appeal is whether or not the finding of the trial court that the tax deed, under which appellant claims to be the owner of the lot in question, is or is not void.

The trial court found, in substance, that in 1922 the lot in question was assessed for taxation to John Rodriguez and that the taxes were not paid; that on June 30, 1923, the tax collector of Los Angeles County sold said lot to the state of California and that thereafter on July 6, 1928, the said lot was sold by the tax collector at public auction to appellant and that on August 3, 1928, the tax collector made a deed to the lot to appellant. The court further found the delinquent list for the year 1922, the affidavit of the tax collector and of the auditor of said county and the notices and explanations therewith were only published and thereafter the same were filed for record in the office of the recorder of Los Angeles County. The said tax deed was found by the court to have been executed pursuant to said notices, affidavits and publication; that the notice and delinquent tax list contained the following statement: "Now, therefore, I, W. O. Welch, tax collector, in and for

the said county of Los Angeles, by virtue of authority in me vested by law, hereby give public notice that unless the taxes delinquent as appear by said list, together with the costs and penalties, are paid, I, as such tax collector, at the office of the county tax collector in the city of Los Angeles, on Saturday, the 30th day of June, 1923, at the hour of 10 o'clock a. m. will sell all said real estate upon which taxes are a lien, to the State of California.''

The notice stated the figures appearing opposite, following last after each description of property in the list, were intended to represent and did represent in dollars or cents, or in dollars and cents, as the case may be, the amount due for taxes and costs in the manner as follows, to wit: When or where two figures appear therein cents were intended to be and are represented; when and where more than two figures thus appear therein, cents were intended to be and are represented by the last two figures, and the figures occupying and appearing at the left of said last two figures and separated therefrom by a space, were intended to be and do represent dollars, so that the amount due for taxes and costs in the respective cases aforesaid are thus expressed in dollars and cents. The delinquent list shows charged against it said lot 8, assessed to Jose Rodriguez, taxes for the year 1922 amounting to 14 39 (a space between the 14 and the 39).

Section 3764 of the Political Code provides that the delinquent list to be published by the tax collector must contain the names of the persons, a description of the property and the amount of the taxes, penalties and costs due opposite each name and description.

It has been repeatedly held that where the delinquent list and notice of sale thereunder contains no statement of the amount due on account of penalties, tax deeds based thereon are defective and void. (*Bussenius* v. *Warden,* 71 Cal. App. 717, 722 [236 Pac. 371]; *Wyser* v. *Truitt,* 95 Cal. App. 727 [273 Pac. 147]; *Gottstein* v. *Kelly,* 206 Cal. 742 [276 Pac. 347]; *Snodgrass* v. *Errengy (Bell),* 86 Cal. App. 664 [261 Pac. 497].)

In all of these cases the facts are similar to those of the case under consideration, and in each of them it was held that the tax deed was void because the published notice

of the delinquent tax list failed to set forth the amount due for penalties as well as for taxes.

It appears that respondent and the owner of the lot, who executed the lease, have been in possession thereof for many years, but since the amendment to section 1006 of the Civil Code in 1915 mere possession, unless it reaches the dignity of a prescriptive title, cannot support an action to quiet title. (*City of Burlingame* v. *Norberg*, 210 Cal. 105 [290 Pac. 587].) However, in the case under consideration, the respondent does not rely alone upon possession to support the action, but also upon a lease for a term of years, executed by the owner of said lot.

Section 738 of the Code of Civil Procedure provides that: "An action may be brought by any person against another who claims an estate or interest in real or personal property adverse to him."

A leasehold interest against an adverse claim is sufficient interest in real property to maintain an action under said last-named section: (*German-American Sav. Bank* v. *Gollmer*, 155 Cal. 683 [24 L. R. A. (N. S.) 1066, 102 Pac. 932]; *Pierce* v. *Felter*, 53 Cal. 18.)

Appellant contends that respondent should have traced his lessor's title back to the original patent from the government. Where both claim title from a common source it is sufficient to show a conveyance of title from that source without further establishing that the grantor himself had title. (*Phillips* v. *Menotti*, 167 Cal. 328 [139 Pac. 796]; *Willard George Hotel Co.* v. *Warden*, 99 Cal. App. 401 [278 Pac. 898]; *Denning* v. *Green*, 88 Cal. App. 379 [263 Pac. 819].)

When a party claims under a tax deed whatever title he possesses is derived from the party to whom the taxes were assessed. (*Willard George Hotel Co.* v. *Warden*, *supra*; *Denning* v. *Green*, *supra*.)

The delinquent taxes were assessed to Jose Rodriguez. Rodriguez derived his title from conveyances deraigning from Lugarda Silves, and respondent acquired its interest in said lot from conveyances deraigning from the same source. Therefore the interest that appellant and respondent claim in the said lot was each acquired from the common source, and therefore proof of the chain of title beyond that common source was unnecessary.

Appellant's tax title being void, he has no claim upon the property and therefore he is not entitled to a judgment against Goldie Langstaff.

Appellant contends that the evidence is not sufficient to support the finding that the trial court erred in its findings of fact and conclusions of law and in the admission of evidence over his objections. An examination of the record satisfies us that these alleged errors are without merit.

The judgment is affirmed.

Thompson (R. L.), J., and Preston, P. J., concurred.