[L. A. No. 12241. In Bank.—August 23, 1932.]

GENEVIEVE BERTE, Respondent, v. A. F. LUSE et al., Appellants.

James R. Jaffray and LeRoy Reames for Appellants.

Koenig & Brunton for Respondent.

THE COURT.—This appeal is taken from a judgment quieting title in favor of plaintiff. The complaint is in the form usually employed in such an action. The defendant Clara H. Bergmeier admitted that title and possession of the property was in plaintiff, but alleged that she and her trustees, A. F. Luse and Western States Land and Mortgage Company, claim an interest in the property by virtue of a deed from plaintiff to this defendant, which deed was intended as security for a $10,000 loan alleged to have been made by this defendant to plaintiff. Defendants A. F. Luse, Mary E. Luse and the Western States Land and Mortgage Company filed a separate answer, generally denying the allegations of the complaint. The other defendants either defaulted or filed disclaimers.

The only evidence introduced by plaintiff at the time of the trial in reference to her title was the deed by which she received title to the lots in question. The remainder of plaintiff's case was devoted to proving that the claim of defendants was without merit. On evidence substantially in conflict the trial court found that on June 5, 1924, at a time when plaintiff owned the property, plaintiff and her mother entered into an agreement with defendant Clara H. Bergmeier whereby said defendant agreed to advance to plaintiff and her mother the sum of $10,000, and to take as security a deed to the lots in question; that in pursuance to this agreement a deed to the lots was executed and delivered to Clara H. Bergmeier; that thereafter and within a few days the contracting parties agreed to rescind the loan agreement and to enter into a partnership. As part of this new agreement it was agreed that the deed should be redelivered to plaintiff. The evidence is ample to support the finding that the loan agreement was canceled by mutual consent, and that defendant Bergmeier at no time loaned any money to plaintiff.

The evidence shows, and the trial court found, that after the loan agreement was canceled the plaintiff and her mother frequently demanded the return of the deed, but for one reason or another were unable to secure a redelivery. Conditions remained in this state for approximately three years when defendant Bergmeier caused the deed to herself to be recorded. She then executed a deed to the premises to defendant A. F. Luse, in exchange for some apparently worthless oil and gas leases in Texas. The court found on conflicting evidence, and appellants do not attack the finding, that Luse at all times had actual knowledge of the claims of plaintiff to the property. Luse thereafter deeded the property to the Western States Land and Mortgage Company, of which he was president. This corporation likewise had actual knowledge of the plaintiff's claims to the property.

On this state of the evidence, as already stated, the trial court quieted plaintiff's title against the claims of defendants. A. F. Luse and Western States Land and Mortgage Company alone appeal.

The briefs filed on behalf of appellants and respondent indicate that neither counsel has shown the diligence in the

preparation thereof or the regard for the rules of court expected of counsel in causes pending in this court. In the interest of justice, however, we will consider the appeal on its merits.

■ Appellants in their opening brief in no way attack the sufficiency of the evidence to support the findings above set forth, but solely contend that it was error for the trial court to quiet plaintiff's title for the reason that plaintiff failed to trace her record title back to the original patentee, or to a grantor in possession. It will be remembered that plaintiff's only evidence tending to show title in herself was the deed by which she received title. Of course, the rule is elementary that in a quiet title action the plaintiff must recover on the strength of her own title and not on the weakness of the defendant's. Under ordinary circumstances it would follow that since the plaintiff failed to prove her chain of title, and admitted she was not in possession, the judgment herein should be reversed. However, the instant case comes within a well-settled exception to the rule that a plaintiff in a quiet title suit must trace title back to an original patentee. It is to be noted that the sole claim of the appellants is based on the deed from plaintiff to defendant Bergmeier. It is well settled that when the sole claim of the defendants is necessarily predicated on the theory that the plaintiff has good title, as where defendants claim through a conveyance from plaintiff, it is sufficient proof of title in the plaintiff to introduce into evidence the deed conveying the property to plaintiff. This is so because in such a case when defendants are claiming through the plaintiff they must necessarily admit the validity of plaintiff's title at the time their claim arose. (*Strange* v. *Strange,* 23 Cal. App. 281 [137 Pac. 1104]; *Denning* v. *Green,* 88 Cal. App. 379 [263 Pac. 819]; *Willard George Hotel Co.* v. *Warden,* 99 Cal. App. 401 [278 Pac. 898]; *Tannahill* v. *Greening,* 85 Cal. App. 714 [259 Pac. 1017]; *Thiele* v. *Security Trust & Savings Bank,* 202 Cal. 758 [262 Pac. 308].) It follows that plaintiff's proof was sufficient.

■ In a supplemental opening brief appellants contend that certain evidence was improperly admitted by the trial court, either because it was improper impeachment or on the ground it was incompetent, irrelevant and immaterial. The impeaching testimony was properly admitted, as was like-

wise all the evidence tending to show that the Bergmeier deed was at most a mortgage and that no consideration was given therefor. The appellants in no way attack the material findings on these issues. There was no error in the admission of evidence.

The judgment appealed from is affirmed.