[Civ. No. 9531.   First Appellate District, Division Two.—December 3, 1934.]

GEORGE W. WAGNER, Appellant, v. G. W. McMANUS, Respondent.

Rodgers & Costello for Appellant.

Byrl R. Salsman for Respondent.

NOURSE, P. J.—Plaintiff sought to collect unpaid rent, basing his claim on an alleged written agreement to lease signed by the defendant. Judgment went for defendant on the grounds that the agreement was obtained through misrepresentation and fraud.

Defendant was given notice to vacate premises occupied by him as a fruit and vegetable market, and in August, 1933, he discussed the leasing of plaintiff's premises with the latter's real estate broker. During these negotiations defendant paid a $25 deposit for which he obtained no receipt. On Saturday morning, September 2, 1933, the broker came to defendant's store and asked him to sign a paper which defendant claims he stated was merely a receipt for the $25. Defendant protested as he was busy waiting on customers during the usual Saturday morning rush, but the broker followed him around the store until the defendant finally signed the paper which he claims he did not read. The broker testified that there was no misunderstanding at the time. This paper was in the form of a receipt for the $25 deposit paid, but it contained language which the plaintiff read to make a written lease of the premises. This paper is the basis of the option. On September 5th the broker presented a formal lease which the defendant refused to sign, and on September 9th the defendant informed the broker that, since his landlord had withdrawn his notice to vacate, he did not want plaintiff's premises. Notice in writing was sent to defendant that he would be bound by the terms of the paper dated September 2d. At no time, until the premises were otherwise occupied, was the "for rent" sign removed from plaintiff's property.

The first question raised by appellant is: Was the written agreement sufficient to bind the parties? He cites several cases to show that a person may be held by a written

contract before the lease is signed. But respondent shows that these cases refer to written documents made in mutual agreement which he claims was not the case in this instance.

Appellant's second question is: Does a unilateral mistake made through failure to read a paper relieve a party from his written agreement? Respondent answers that when a mistake is the result of misrepresentation, fraud is involved. He then refers to the evidence that the broker not only misrepresented the document as a mere receipt, but used undue pressure to get defendant to sign at a time when he was unable to read the paper. The trial court found that, in view of the broker's knowledge and intent, respondent's reliance upon his representations, and the manner in which the signature was procured, fraud was involved which destroyed the essential element of the contractual relation—the intention to make a contract.

Appellant's third question is: Has fraud and misrepresentation been sufficiently pleaded as a defense? He argues that neither actual nor constructive fraud have been pleaded because the pleadings do not allege either knowledge or intent on the part of the broker. The evidence of fraud and misrepresentation was not objected to by appellant. The cause was tried on the theory that the issue was properly before the court and objection to the form of the pleading cannot be made at this time. (*Etienne* v. *Kendall*, 202 Cal. 251 [259 Pac. 752]; *Langstaff* v. *Mitchell*, 119 Cal. App. 407 [6 Pac. (2d) 546].)

Finally, appellant raises the question: Does the evidence sufficiently prove fraud and misrepresentation? In order to prove fraud, he argues, the burden of proof is on the pleader and this proof must be clear and decisive. The testimony of the broker is to the effect that he did not mislead defendant; the testimony offered by respondent is to the contrary. This testimony is direct and clear evidence of the fraud charged. With this conflicting evidence the trial court found for the respondent and, since there is nothing inherently improbable in this evidence, we are bound by that finding.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.